■ In the Matter of NELSON RIVERA, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [807 NYS2d 373]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered December 22, 2004, which granted petitioner's application to file a late notice of claim against both the New York City Housing Authority (NYCHA) and the City of New York, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the application denied.

In December 2003, petitioner was allegedly assaulted in the lobby of his mother's apartment building. Police responded to the scene, and they prepared an incident report. More than six months later, in July 2004, petitioner made an application to file a late notice of claim against NYCHA and the City. He claimed that he was injured due to defendants' negligence in providing and maintaining security at the premises. Petitioner asserted that physical and emotional disabilities had precluded him from contacting an attorney for over four months after the alleged assault, but he provided no medical records or other documentation to substantiate his disability. Counsel then waited six weeks after he was retained to prepare the notice of claim. The motion court granted petitioner's motion to file this notice. We reverse.

General Municipal Law § 50-e (1) (a) requires that where a notice of claim is a precondition to the commencement of an action, such notice must be served "within ninety days after the claim arises." However, General Municipal Law § 50-e (5) allows a court, in its discretion, to except a claim from the 90-day deadline, upon a showing of a reasonable excuse for the delay. The statute allows this where the municipality acquired actual notice of the essential facts constituting the claim within 90 days or a reasonable time thereafter, and where the delay would not substantially prejudice the municipality in maintaining its defense (*see Alexander v City of New York*, 2 AD3d 332 [2003]).

These requirements were not met in this case. Initially, petitioner failed to document the illnesses which he says precluded him from timely retaining counsel or filing his notice of claim (*Lefkowitz v City of New York*, 272 AD2d 56 [2000]; *Gaudio v City of New York*, 235 AD2d 228 [1997]; *Matter of Vargas v New York City Hous. Auth.*, 232 AD2d 263 [1996], *lv denied* 89 NY2d 817 [1997]). Further, the police report of the criminal assault did not contain facts sufficient to constitute notice to defendants of plaintiff's intention to file a civil suit based upon a claim of negligent security (*see Chattergoon v New York City Hous. Auth.*, 161 AD2d 141 [1990], *affd* 78 NY2d 958 [1991]). Finally, the delay of more than six months between the alleged assault and the filing of the notice of claim undeniably compromised defendants' ability to identify witnesses and collect their testimony based upon fresh memories (*Alexander*, 2 AD3d at 332). Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Catterson, JJ.