■ In the Matter of Freda Bailey, Respondent, v City of New York Housing Authority, Appellant. [866 NYS2d 155]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered July 19, 2007, which granted petitioner's application for leave to file a late notice of claim based on respondent New York City Housing Authority's negligence in providing proper security at its housing complex where her son was shot and killed while walking between buildings in the complex, unanimously reversed, on the law and the facts, without costs, and the application denied.

Petitioner failed to establish that respondent had actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter or to demonstrate that respondent was not prejudiced by the delay (see General Municipal Law § 50-e [5]; Matter of Semyonova v New York City Hous. Auth, 15 AD3d 181, 182 [2005]). That there was media coverage of the shooting does not establish that respondent knew about the incident or anticipated a claim of negligence. Moreover, petitioner failed to identify any documents from the police investigation or criminal proceedings that would assist respondent in investigating a claim of negligence (see Matter of Rivera v New York City Hous. Auth., 25 AD3d 450, 451 [2006]). In the absence of such notice, the seven-month delay in filing the instant application compromised respondent's ability to identify witnesses and collect their testimony based upon fresh recollections (id.).

Moreover, leave is inappropriate for a "patently meritless" claim (Matter of Catherine G. v County of Essex, 3 NY3d 175, 179 [2004]). This Court has consistently held that "there is no common-law duty on the part of a landlord to protect tenants or other members of the public from criminal activity on public walkways outside its premises" (Ward v New York City Hous. Auth., 18 AD3d 391, 392 [2005]). Concur—Lippman, P.J., Saxe, Friedman, Sweeny and Acosta, JJ.