RAFAEL ZAPATA, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [982 NYS2d 130]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered December 18, 2012, which granted plaintiff's motion for leave to file a late notice of claim against the New York City Housing Authority (NYCHA), unanimously reversed, on the law and the facts, without costs, and the motion denied.

In this action for personal injuries allegedly sustained by plaintiff when he was assaulted on premises owned by defendant NYCHA, plaintiff failed to establish that defendant had actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter or to demonstrate that defendant was not prejudiced by the delay (*see* General Municipal Law § 50-e [5]; *Matter of Bailey v City of N.Y. Hous. Auth.*, 55 AD3d 443 [1st Dept 2008]). Plaintiff's counsel's averment that, upon a routine review of case files, it was discovered that a notice of claim had not been filed does not constitute a reasonable excuse for failing to timely serve the notice of claim (*see Matter of Santiago v New York City Tr. Auth.*, 85 AD3d 628, 628-629 [1st Dept 2011]).

While the absence of a reasonable excuse does not itself compel denial of the motion, as noted, plaintiff also failed to show that NYCHA acquired actual knowledge of the facts constituting his claim within 90 days, or a reasonable time thereafter (*see Matter of Bailey v City of N.Y. Hous. Auth.*, 55 AD3d 443 [2008]). Even if NYCHA was aware that plaintiff reported an assault to the police during the statutory period, knowledge of the report does not constitute notice to NYCHA of plaintiff's intention to file a civil suit based on a claim of negligent security (*see Matter of Rivera v New York City Hous. Auth.*, 25 AD3d 450 [1st Dept 2006]). Further, the "delay of more than six months between the alleged assault and the filing of the notice of claim undeniably compromised [NYCHA's] ability to identify witnesses and collect their testimony based upon fresh memories" (*id.* at 451). Concur—Tom, J.P., Friedman, Sweeny, Saxe and Freedman, JJ.