■ HELEN DARDZINSKA, Respondent, v CITY OF NEW YORK et al., Appellants. [998 NYS2d 358]—

Order, Supreme Court, New York County (Kathryn Freed, J.), entered February 14, 2014, which granted petitioner's application for leave to file a late notice of claim upon respondents, unanimously reversed, on the law and the facts, without costs, the application denied, and the petition dismissed.

While no one factor is controlling, here petitioner failed to establish any of the relevant statutory factors that would warrant leave to serve a late notice of claim (General Municipal Law § 50-e [5]; *Matter of Kelley v New York City Health & Hosps. Corp.*, 76 AD3d 824 [2010]). Petitioner failed to make an adequate showing, via medical or other evidence, that her claimed injuries prevented her from timely filing a notice of claim (*see Matter of Rivera v New York City Hous. Auth.*, 25 AD3d 450 [1st Dept 2006]). That this is true is underscored by the fact that she was able to file a report with her employer within 90 days of her accident (*see Matter of Casale v City of New York*, 95 AD3d 744 [1st Dept 2012]).

It is undisputed that respondents did not acquire actual knowledge of the facts and circumstances constituting the claim within the statutory 90-day service period, or a reasonable time thereafter, and there has been no showing that a defense on the merits would not be prejudiced by the late service (*id.*; *Matter of Rivera*, 25 AD3d at 451). Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO G., Appellant. [997 NYS2d 96]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on or about August 1, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.