■ In the Matter of ALEXIS VIRELLA, Appellant, v CITY OF NEW YORK et al., Respondents. [29 NYS3d 21]—

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered March 31, 2015, which, to the extent appealed from as limited by the briefs, denied petitioner's motion for leave to serve a late notice of claim nunc pro tunc upon respondent City of New York, unanimously affirmed, without costs.

The court providently exercised its discretion in denying petitioner leave to serve a late notice of claim. Petitioner, who alleges that he was assaulted by a fellow inmate while in the custody of the Department of Corrections (DOC), failed to meet any of the criteria necessary to warrant the exercise of this Court's discretion (*see Caminero v New York City Health & Hosps. Corp. [Bronx Mun. Hosp. Ctr.]*, 21 AD3d 330, 332 [1st Dept 2005]; General Municipal Law § 50-e [5]).

While petitioner's absence of an acceptable excuse would not, standing alone, necessarily be fatal to his application, he also failed to establish that respondent had actual notice of the essential facts of the claim within 90 days after it arose, or a reasonable time thereafter, and he failed to demonstrate that respondent was not prejudiced by the delay. That the DOC

may have filed an injury report regarding the assault on petitioner does not constitute notice of an intention to file a civil suit based on claims of negligence and intentional torts (*see Zapata v New York City Hous. Auth.*, 115 AD3d 606 [1st Dept 2014]; *Matter of Rivera v New York City Hous. Auth.*, 25 AD3d 450 [1st Dept 2006]). "The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542, 543 [2d Dept 1996]). Accordingly, respondent was prejudiced, since it could not conduct a prompt investigation despite the fact that a little over five months had passed since the occurrence (*see Matter of Vargas v New York City Hous. Auth.*, 232 AD2d 263 [1st Dept 1996], *lv denied* 89 NY2d 817 [1997]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.