Matter of Figueroa v City of New York (2021 NY Slip Op 03547)





Matter of Figueroa v City of New York


2021 NY Slip Op 03547


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Kapnick, J.P., Singh, Moulton, González, JJ. 


Index No. 31700/19E Appeal No. 14035N Case No. 2020-02936 

[*1]In the Matter of David Figueroa, Petitioner-Respondent,
v
The City of New York et al., Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (Antonella Karlin of counsel), for appellants.
Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 22, 2020, which granted the petition for leave to file a late notice of claim and deemed the notice annexed to petitioner's application timely served nunc pro tunc, unanimously reversed, on the law, without costs, and the petition denied.
Petitioner asserts that on September 10, 2018 he was assaulted by other prisoners while incarcerated at respondent City's correctional complex on Rikers Island. He received a hand injury that was initially treated at a clinic at the jail run by respondent New York City Health and Hospitals Corporation (HHC). Petitioner asserts that his medical treatment did not meet the standard of care and that he had to undergo surgery as a result. He was discharged from Bellevue Hospital on or about October 17, 2018.
Petitioner did not timely serve a notice of claim within the 90 days set forth in GML § 50-e. On October 17, 2018, approximately 10 months after the expiration of his time to serve the City, and approximately nine months after his time to serve HHC, petitioner moved by order to show cause for leave to serve a late notice of claim.
Petitioner's application is fatally undermined by his failure to submit his own affidavit, or the affidavit of anyone else with personal knowledge, or any records. Instead he relies solely on the affirmation of counsel.
Petitioner fails to offer any first-hand description of the incident, or of any investigation that occurred in its aftermath. He does not offer any evidence that records exist of the incident, much less any evidence that the content of such records would provide actual notice to the City of his intention to file a civil suit based on claims of negligence within 90 days or a reasonable time thereafter (see Matter of Virella v City of New York, 137 AD3d 705, 705-706 [1st Dept 2016]; Matter of Hamilton v City of New York, 145 AD3d 784, 785 [2d Dept 2016]; Zapata New York City Housing Auth., 115 AD3d 606 [1st Dept 2014]). Petitioner has never identified any City employee who was present when the alleged assault occurred or who was aware of the danger to petitioner. This omission renders the delay in serving the notice of claim prejudicial (see Mehra v City of New York, 112 AD3d 417, 419 [1st Dept 2013]).
We find that Supreme Court also improvidently exercised its discretion in granting petitioner leave to file a late notice of claim regarding his medical malpractice claims against HHC. Although petitioner urges that HHC had timely actual knowledge of the facts constituting the medical malpractice claim and, accordingly, will suffer no prejudice if his late notice of claim is deemed timely, he submits no medical records to support that contention (see Atkinson v New York City Health and Hosp. Corp., 184 AD3d 528 [1st Dept 2020]; Tavarez v New York City Health & Hosps. Corp., 264 AD2d 338 [1st Dept 1999]).
Petitioner's failure to submit his own affidavit also undercuts his claim [*2]of a reasonable excuse for his delay. While it may be plausible that petitioner failed to timely serve a notice of claim because he was unable to obtain counsel while incarcerated at Riker's Island, we have only counsel's conclusory statement on the subject.
While the lack of a reasonable excuse for the delay is not of itself fatal, we find that petitioner did not meet his burden with respect to two other factors - prior actual notice and the absence of prejudice (see Harris v City of New York, 297 AD2d 473, 474-475 [1st Dept 2002], lv denied 99 NY2d 503 [2002]). Since petitioner failed to meet his initial burden of establishing the absence of substantial prejudice by demonstrating that the City or HHC received timely actual knowledge of the essential facts underlying his claims, the burden never shifted to respondents to make a particularized evidentiary showing thereof (see Matter of J.H. v New York City Health & Hosps. Corp., 179 AD3d 452, 453 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021