■ ELSA DELGADO, Respondent, v CITY OF NEW YORK, Appellant. [833 NYS2d 509]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.),

entered December 12, 2005, which granted the application to file a late notice of claim, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the application denied and the proceeding dismissed.

In the circumstances presented, the court improvidently exercised its discretion in granting leave to file a late notice nearly nine months after expiration of the 90-day filing requirement (*see* General Municipal Law § 50-e [5]). There was no evidence that respondent acquired actual notice of petitioner's slip and fall on wet internal steps of the Bronx County Criminal Courthouse, and it is clear that its ability to investigate the claim and prepare a defense was prejudiced (*see Williams v Nassau County Med. Ctr.,* 6 NY3d 531 [2006]). The Fire Department's ambulance report contained no information from which notice of a claim of negligence on respondent's part could have been readily gleaned. Petitioner's mistaken but timely service of a notice of claim upon the New York State Attorney General's Office is unavailing absent proof that respondent had actual knowledge of her claim and was not prejudiced by the delay (*see e.g. Jenkins v New York City Hous. Auth.,* 29 AD3d 319 [2006]). Concur—Andrias, J.P., Friedman, Marlow, Williams and Catterson, JJ.