■ In the Matter of ROBERT CARIDI, Respondent, v NEW YORK CONVENTION CENTER OPERATING CORPORATION, Appellant. [849 NYS2d 261]—

Order, Supreme Court, New York County (Louis B. York, J.), entered May 3, 2007, which, in an action for personal injuries, granted petitioner's motion for leave to serve a late notice of claim, unanimously affirmed, without costs.

The court exercised its discretion in a provident manner in allowing petitioner to file a late notice of claim more than seven months after expiration of the 90-day filing requirement (*see* General Municipal Law § 50-e [1] [a]; [5]). Any alleged prejudice to respondent is undermined by reason of the State Police being on the scene at the time of the accident and immediately conducting an investigation that included interviewing witnesses and taking photographs of the location as it existed at the time of the accident, which culminated in a report readily available to respondent (*see Barnes v New York City Hous. Auth.*, 262 AD2d 46, 47 [1999], *lv denied* 95 NY2d 757 [2000]). The record evidence further establishes that the defective condition that caused petitioner to fall and injure his knee was highly transitory and respondent would have been unable to investigate even if the notice of claim was served within the prescribed statutory period (*see Gamoneda v New York City Bd. of Educ.*,

259 AD2d 348 [1999]; *Matter of Strauss v New York City Tr. Auth.*, 195 AD2d 322, 323 [1993]). Concur—Tom, J.P., Saxe, Friedman and Buckley, JJ.