[863 NYS2d 26]

GABRIELLE N. KARR, Appellant, v MELISSA BLACK et al.,
Respondents.

First Department, August 19, 2008

APPEARANCES OF COUNSEL

*Devitt Spellman Barrett, LLP*, Smithtown (*John M. Denby* of counsel), for appellant.

*Leslie I. Levine*, White Plains, for respondents.

**OPINION OF THE COURT**

TOM, J.P.

Petitioner seeks visitation with her grandchild over the objection of the child's parents, respondents Melissa Black, petitioner's daughter, and Mark Black. The infant is in the care of an intact nuclear family, the record establishes that respondents have a sound basis for their objection to visitation, and petitioner has no existing relationship with the child or the family. Thus, we conclude that petitioner lacks standing to warrant judicial intervention and that Supreme Court properly declined to conduct a hearing to inquire whether visitation would be in the best interest of the child.

Due to petitioner's long history of mental illness, Melissa Black was raised by her father. Upon his divorce from petitioner in 1980, he was awarded exclusive custody of his daughter. Melissa had limited contact with petitioner while growing up and throughout her adult years, as petitioner continued to manifest mental illness. The court received psychiatric testimony indicating that petitioner was "a deeply troubled and disturbed" manic-depressive "requiring continuous treatment . . . largely dependent upon [her] voluntary cooperation," and noted the potential for "extensive mental trauma accompanied by a significant probability of permanent emotional damage" to her daughter should she not be removed from petitioner's care. Following her parents' divorce, Melissa Black had limited contact with petitioner, stating that on occasions when petitioner was present at family gatherings, "[h]er behavior ranged from bizarre to confrontational."

Petitioner's psychiatric history is well documented. In 1996, she was placed on disability leave from her position as a caseworker with the Human Resources Administration. The report of an Administrative Law Judge reflects that, throughout much of 1995, petitioner had engaged in bizarre and threatening behavior toward her coworkers. A psychiatrist determined that her mental illness rendered her "seriously impaired, precluding her functioning on the job, and that the psychotic extent of her mental status renders her volatile, unpredictable and threatening in terms of her relations with her co-workers."

Between late 2002 and late 2004, Melissa Black assisted in securing her mother's admission to a series of psychiatric facilities. A September 2004 memorandum by an attending psychiatrist at Queens Hospital Center notes a "long [history] of mental illness and multiple prior psychiatric admissions dating back to 1980." It describes petitioner as suffering from "major depression . . . with poor impulsivity; low frustration tolerance." A note by the same physician on the date of her discharge indicates that petitioner had been hospitalized for a period of two months for treatment of "dementia." Melissa Black submitted an affidavit attesting to the strain that the efforts to assist her mother placed on her relationship with her husband.

Petitioner's recent attempts to establish contact with the family were hardly welcome. In June 2006, petitioner's ex-husband was issued an order of protection after he complained that she was harassing him. Petitioner was subsequently convicted of criminal contempt in the second degree for violation of that order. Respondent Mark Black was issued a temporary order of protection in 2006 after petitioner made repeated calls to him and coworkers at his place of business. The temporary order was elevated to a five-year permanent order of protection in May 2007.

Petitioner commenced this proceeding in February 2007 seeking visitation with her grandchild. Her supporting affidavit states that her daughter, Melissa, and her grandchild are her only living descendants and that she seeks visitation "to share with her grandchild the family history . . . and establish a bond with this child prior to making final decisions on whom [sic] to leave my substantial estate." Respondents opposed and submitted, inter alia, documentation attesting to petitioner's mental illness and her emotionally abusive behavior. Supreme Court denied the petition on the submitted papers.

On appeal, petitioner contends that it was an improvident exercise of Supreme Court's discretion to dismiss the petition without conducting a hearing. She argues that the court, in deciding the issue of her standing to maintain the proceeding, failed to examine all relevant facts, neglecting to consider the parents' frustration of her attempts to establish a relationship with her grandchild. She maintains that without receiving evidence to rebut the opposing proof submitted by respondents, "[t]he record is devoid of competent evidence suggesting that visitation with petitioner would negatively affect the child."

Analysis appropriately begins with the observation that "the courts should not lightly intrude on the family relationship

against a fit parent's wishes. The presumption that a fit parent's decisions are in the child's best interests is a strong one" (*Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *see also Troxel v Granville*, 530 US 57, 70 [2000]). In the absence of automatic standing based on the death of one of the child's parents (*see Matter of E.S.*, 8 NY3d at 157), the court must make a threshold determination that the grandparent has "established the right to be heard" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]) by demonstrating the existence of "circumstances in which equity would see fit to intervene" (*id.*). Only after standing has been established is it necessary or permissible to "determine if visitation is in the best interest of the grandchild" (*id.*; *see Matter of McArdle v McArdle*, 1 AD3d 822, 823 [2003]). In exercising its discretion to confer standing on the grandparent, the court is obliged to "examine[ ] all the relevant facts" (*Matter of Emanuel S.*, 78 NY2d at 182), among which are whether the family is intact, "the nature and basis of the parents' objection to visitation," and "the nature and extent of the grandparent-grandchild relationship" (*id.*).

Supreme Court properly found that petitioner lacks standing to seek visitation (Domestic Relations Law § 72). The child is in the care of an intact family, the record establishes that respondents have a sound basis for their objection to visitation, and petitioner has no existing relationship with the child or the family (*see Matter of Emanuel S.*, 78 NY2d at 182).

There is no merit to petitioner's contention that respondents frustrated her attempts to establish a relationship with her grandchild. While petitioner complains of "respondents' action in preventing the formation of such a relationship," there is a qualitative difference between frustration and protection. Here, adult members of petitioner's family found it necessary to obtain their own orders of protection against her, for which petitioner exhibited her contempt. Under these circumstances, the parents' actions to prevent contact between petitioner and their child is legally cognizable as protective, not obstructive. In view of the opinions of mental health professionals who characterized petitioner's behavior—variously—as psychotic, volatile, unpredictable, bizarre, threatening and confrontational, the parents cannot be faulted for shielding their child from an association that, through long personal experience, they knew to be destabilizing and to pose the threat of emotional harm.

Petitioner's contention that "[t]he record is devoid of competent evidence suggesting that visitation with petitioner

would negatively affect the child" is disingenuous, as is her contention that she was unfairly deprived of an opportunity to rebut respondents' opposing proof. It is settled that a special proceeding is subject to the same standards and rules of decision as apply on a motion for summary judgment, requiring the court to decide the matter "upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR 409 [b]; *Matter of Port of N.Y. Auth. [62 Cortlandt St. Realty Co.]*, 18 NY2d 250, 255 [1966], *cert denied sub nom. McInnes v Port of N.Y. Auth.*, 385 US 1006 [1967]).

It was petitioner's burden to establish the right to be heard (*Matter of Emanuel S.*, 78 NY2d at 181). The affirmation in support of the petition acknowledges that "the Court must first determine whether equitable circumstances exist that provide the grandparents with standing to seek visitation," and that "the nature and basis of the parents' objection to visitation" is central to that determination. Given her involvement in the various proceedings conducted in connection with the two protective orders, petitioner was well aware that her unstable mental condition was at issue. Having failed in support of her petition to even allege any improvement in her mental status, let alone submit evidence to that effect, petitioner has failed to meet her evidentiary burden and is not entitled to a further opportunity, by hearing or otherwise, to remedy the deficiencies in her proof (*see generally Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1992]).

Petitioner's contention that the court declined to conduct a hearing to determine whether the best interest of the child would be served by directing visitation merely because the family is intact (*Matter of Emanuel S.*, 78 NY2d at 182) is belied by the record. The court held that the petition

> "has not met the two-prong test as described by counsel. There has been no ongoing relationship between this child [*sic*]. The parents are in a united front for what, on the face of it, appears to be even good and sufficient reason not allowing [*sic*] the Court any right to intervene in this matter."

In view of the threat petitioner was found to present to her own daughter in 1980, her history of mental illness, and her recent harassment of family members, it would be presumptuous in the extreme for the courts to interfere with the parents' right to protect their child from a relationship that they have knowingly concluded presents the potential for emotional harm.

In short, petitioner has established no reason why Supreme Court should have even considered substituting its judgment as to what is in the best interest of the child for that of the parents (*Matter of E.S.*, 8 NY3d at 157). To hold otherwise under the circumstances of this matter would render nugatory the requirement that a grandparent establish standing in order to warrant a hearing on whether visitation is in the best interest of the child.

Accordingly, the order of the Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered on or about March 14, 2007, which denied petitioner's application for grandparent visitation, should be affirmed, without costs.

MAZZARELLI, WILLIAMS and SWEENY, JJ., concur.

Order, Supreme Court, New York County, entered on or about March 14, 2007, affirmed, without costs.