■ In the Matter of CARLOS SANTIAGO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [925 NYS2d 500]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered July 30, 2009, which, to the extent appealed from, denied petitioner's motion for leave to file a late notice of claim, and order, same court and Justice, entered May 14, 2010, which, to the extent appealed from as limited by the briefs, denied petitioner's motion to renew the prior motion, unanimously affirmed, without costs.

Petitioner's proffered excuse of law office failure does not adequately excuse the delay in serving a notice of claim (see *Ordillas v MTA N.Y. City Tr.*, 50 AD3d 391 [2008]). In addition, respondent did not acquire actual notice of the essential facts

constituting the claim within the statutorily prescribed 90-day period or within a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *see also Ordillas*, 50 AD3d at 391-392). Lastly, petitioner's unsupported assertion that the condition of the subway staircase upon which he allegedly tripped remained unchanged seven months after his accident is insufficient to demonstrate the lack of any prejudice to respondent from his delay (*see Matter of Kelley v New York City Health & Hosps. Corp.*, 76 AD3d 824, 828-829 [2010]; *Ordillas*, 50 AD3d at 392).

Supreme Court properly denied petitioner's motion to renew. The color photographs of the alleged defect do not constitute new facts not offered on the prior motion that would change the prior determination (*see* CPLR 2221 [e] [2]; *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992]). Concur—Tom, J.P., Friedman, Acosta, Richter and DeGrasse, JJ.