■ In the Matter of JOSEPH J. CASALE et al., Respondents, v CITY OF NEW YORK, Appellant. [945 NYS2d 92]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered April 5, 2011, which granted petitioners' motion for leave to serve a late notice of claim, unanimously reversed, on the law, without costs, and the motion denied.

The IAS court improvidently exercised its discretion in granting the motion (*see* General Municipal Law § 50-e [5]). Petitioners failed to offer a reasonable excuse for not serving a timely notice of claim. Indeed, petitioners failed to submit any medical evidence supporting their assertion that the injured petitioner's physical condition prevented them from timely serving a notice of claim (*see Matter of Dominguez v New York City Health & Hosps. Corp.*, 178 AD2d 186, 188 [1991]; *Matter of Mandia v County of Westchester*, 162 AD2d 217, 218 [1990]). Petitioners'

excuse is especially unreasonable, given that they were able to file claims for Workers' Compensation and Social Security disability benefits. Moreover, petitioners' alleged ignorance of the law is no excuse (*see Bullard v City of New York*, 118 AD2d 447, 450 [1986]; *Figueroa v City of New York*, 92 AD2d 908, 909 [1983]).

Further, the accident report prepared by the purported general contractor or construction manager, Turner Construction Company (Turner), did not give the City actual knowledge of the essential facts constituting the claim, as there is no evidence that Turner was an agent of the City (*see Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d 946, 948 [2009]; *Williams v City of Niagara Falls*, 244 AD2d 1006, 1007 [1997]). Moreover, even if Turner were found to be an agent of the City, its report was insufficient to provide actual knowledge of the essential facts constituting the claim. Indeed, although the report provided facts regarding the incident, it failed to connect the incident to any claim against the City (*see Bullard*, 118 AD2d at 450-451; *Matter of Carpenter v City of New York*, 30 AD3d 594, 595 [2006]).

Lastly, petitioners have offered nothing to rebut the inference of prejudice that arises from their eight-month delay in serving the notice of claim (*see Matter of Polanco v New York City Hous. Auth.*, 39 AD3d 320, 321 [2007]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.