OPINION OF THE COURT
Doris Ling-Cohan, J.
It is ordered that the court cancels the evidentiary hearing date, as to the proposed plan, scheduled for Monday, January 28, 2013, given the lack of sufficient evidence in the submissions to raise a material question of fact. Thus, a need for an evidentiary hearing has not been established.
This is a rehabilitation proceeding brought under Insurance Law article 74. Insurance Law § 7402 (a), in relevant part, permits the “superintendent [to] apply . . . for an order directing him to rehabilitate a domestic insurer which . . . [i]s insolvent . . . .” Previously, a rehabilitator of Financial Guaranty Insurance Company was appointed without objection, by order dated June 28, 2012.
It is not disputed that such proceedings are considered special proceedings governed by article 4 of the Civil Practice Law and Rules.[1] (See Matter of Corcoran [First N.Y. Syndicate Corp.], 171 AD2d 431 [1st Dept 1991].) As such, CPLR 409 (b) is applicable: “[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised. The court may make any orders permitted on a motion for summary judgment.” Citing CPLR 409 (b), the Appellate Division, First Department has held that “[i]t is settled that a special proceeding is subject to the same standards and rules of decision as apply on a motion for summary judgment, requiring the court to decide the matter ‘upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised.’ ” (Karr v Black, 55 AD3d 82, 86 [1st Dept 2008] [citations omitted].) The standards for summary judgment are well settled, and undisputed. The movant must tender evidence, by proof in admissible form, to establish the cause of action “sufficiently to warrant the court as a matter of law in directing judgment.” (CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) Once such an entitlement has been demonstrated by the moving party, the burden shifts to the party opposing the motion to “demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure *210 so to do.” (Zuckerman v City of New York, 49 NY2d 557, 560 [1980].) Moreover, the Court of Appeals has made clear that bare allegations or conclusory assertions are insufficient to create genuine, bona fide issues of fact necessary to defeat such a motion. (See Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978].) To grant summary judgment it must be clear that no material and triable issue of fact is presented. (See Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957].)
Here, no affirmations/affidavits have been supplied which raise any material issues of fact requiring an evidentiary hearing as to the proposed plan. The few affirmations provided to the court merely lay the foundation for documents which have been proffered by objectors to the plan of rehabilitation. As stated above, conclusory assertions that issues of fact exist are insufficient. Significantly, none of the objectors were able to articulate a material issue of fact during oral argument on January 15, 2013, and thus, an evidentiary hearing is unnecessary in this summary proceeding. (See Matter of Professional Liab. Ins. Co. of Am., Sup Ct, NY County, Apr. 28, 2010, Stallman, J., index No. 400986/10.) The court notes that there were no objections, from any interested party, to the appointment of a rehabilitator; the objectors merely object to the approval of the plan of rehabilitation, as proposed by the rehabilitator.
Although counsel for Jefferson County Warrantholders (Jeffco Holders) argue that Insurance Law § 7403 (d) is applicable, and a full hearing is required, the plain language of such statute specifically states that it applies only to terminations of rehabilitation proceedings.[2] Further, while Jeffco Holders also argue that, given the consequences and the amount of money at stake, it is entitled to an evidentiary hearing prior to an approval of the plan of rehabilitation, such argument is misplaced. The legislature did not specifically provide for such an evidentiary hearing based on the stakes or consequences, and instead, clearly provided that this is a special proceeding, in which the standards of summary judgment apply. (See Matter of Corcoran [First N.Y. Syndicate Corp.], 171 AD2d 431 [1st Dept 1991]; *211 CPLR 409 [b].) Nonetheless, all objectors were afforded an opportunity to provide submissions on the issue of whether the plan should be approved and are granted a further opportunity to be heard, as provided below. As previously noted, the rehabilitator was appointed, without opposition.
The rehabilitator, and objectors to the plan of rehabilitation, have submitted papers, at the court’s request, regarding the standard for approval of a plan of rehabilitation. It is thus ordered that the court shall hear oral argument by those who provided a brief/memo on such issue,[3] as to whether such standard was met.

. See Jan. 15, 2013 tr at 14, lines 2-5.

. Insurance Law § 7403 (d) states that
“[t]he rehabilitator or any interested person upon due notice to the superintendent, at any time, may apply for an order terminating any rehabilitation proceeding and permitting such insurer to resume possession of its property and the conduct of its business, but no such order shall be granted except when, after a full hearing, the court shall determine that the purposes of the proceeding have been fully accomplished.”

. All others are invited, but not required, to appear.