■ SUSHIL K. MEHRA et al., Respondents, v CITY OF NEW YORK et al., Respondents, and NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant. [976 NYS2d 55]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered November 26, 2012, which, insofar as appealed from, granted petitioners' motion to deem the notice of claim to be timely served upon respondent New York City School Construction Authority (NYCSCA), unanimously reversed, on the law, without costs, and the motion denied.

On January 4, 2011, petitioner Sushil Mehra was allegedly injured when he fell from a scaffold during the course of a construction project at a New York City public school. At the time of the accident, petitioner was employed by nonparty Vardaris Tech, Inc. (Vardaris). On August 5, 2011, petitioners served a notice of claim upon, inter alia, NYCSCA.

When presented with an application for leave to file a late notice of claim, the court considers "whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame, whether the municipality acquired actual notice of the essential facts of the claim

within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense" (*Matter of Dubowy v City of New York*, 305 AD2d 320, 321 [1st Dept 2003]).

Here, Supreme Court improvidently exercised its discretion in granting petitioners' application. Regarding the first factor to consider, petitioner's stated ignorance of the requirements of General Municipal Law § 50-e is not a reasonable excuse for his failure to timely file a notice of claim (*see Rodriguez v New York City Health & Hosps. Corp. [Jacobi Med. Ctr.]*, 78 AD3d 538 [1st Dept 2010], *lv denied* 17 NY3d 718 [2011]). Petitioner's contention that he failed to file a notice of claim because he was not aware of the extent of his injuries is also unavailing, because the record demonstrates he stopped working the day he sustained his injury and subsequently filed a claim for workers' compensation. Moreover, even accepting petitioner's assertion that he did not know that he required surgery until May 19, 2011, he failed to explain why he waited until August 5, 2011, to serve the notice of claim (*see Matter of Schifano v City of New York*, 6 AD3d 259, 260 [1st Dept 2004], *lv denied* 4 NY3d 703 [2005]).

The record also shows that petitioners did not demonstrate that the NYCSCA acquired actual notice of the essential facts within 90 days after the claim arose or a reasonable time thereafter. Contrary to petitioners' contention, the report prepared by Vardaris shortly after the accident does not give NYCSCA actual knowledge of the essential facts constituting the claim alleging liability under the Labor Law. There is no evidence that Vardaris was an agent of NYCSCA when it filed the report form with its workers' compensation insurance carrier (*see Matter of Casale v City of New York*, 95 AD3d 744 [1st Dept 2012]). Moreover, even if Vardaris was an agent and NYCSCA received the report, it fails to connect the incident to any claim against NYCSCA because it only states that petitioner was injured while lifting plywood at the school. Indeed, the report makes no mention of petitioners' present allegation that NYCSCA caused petitioner's injury because the scaffolding and the flooring he was standing on were not properly secured, he was not equipped with proper safety devices, and its personnel present at the accident location were inadequately trained (*see Delgado v City of New York*, 39 AD3d 387 [1st Dept 2007]; *Pineda v City of New York*, 305 AD2d 294 [1st Dept 2003]).

Furthermore, petitioners failed to show that NYCSCA has not been prejudiced by the delay. NYCSCA has been denied the opportunity to search for witnesses, the workers who assembled

the scaffolding, or those knowledgeable about what safety procedures were in place when the accident occurred, while their memories were still fresh (*see Harris v City of New York*, 297 AD2d 473, 474 [1st Dept 2002], *lv denied* 99 NY2d 503 [2002]). The fact that petitioner never identified which NYCSCA employees were present when the incident occurred also renders the delay in serving the notice of claim prejudicial (*see Ifejika-Obukwelu v New York City Dept. of Educ.*, 47 AD3d 447 [1st Dept 2008]). Concur—Tom, J.P., Saxe, DeGrasse, Richter and Clark, JJ.