■ In the Matter of ANTHONY GONZALEZ et al., Respondents,
v CITY OF NEW YORK et al., Appellants. [8 NYS3d 290]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.),
entered July 18, 2013, which granted petitioners' motion to
deem a late notice of claim timely filed, nunc pro tunc, pursu-
ant to General Municipal Law § 50-e (5), unanimously reversed,
on the law, without costs, and the motion denied.

Petitioner Anthony Gonzalez is alleged to have sustained
injury in a fall from the flat bed of a railroad car while working
"at the MTA B and N yard" in the Bronx on August 14, 2012.
Liability of the City of New York, the New York City Depart-
ment of Transportation, and the various components of the
Metropolitan Transportation Authority is predicated on the
ownership of the work site by defendant MTA Long Island
Railroad. It is conceded that the time to file a timely notice of
claim expired on November 12, 2012, and this proceeding seek-
ing, inter alia, leave to serve a late notice was not commenced
until January 9, 2013.* Anthony Gonzalez avers in his affida-
vit that petitioners were unable to meet with counsel to prepare
a timely notice because Hurricane Sandy, which struck on
October 29, 2012, prevented them from traveling from their
home in Bayonne, New Jersey to their attorney's office in
Brooklyn until November 20, 2012, ostensibly because they
could not obtain gasoline for their vehicle. Time sheets submit-
ted with the answering papers reveal that Anthony Gonzalez
had regularly attended work at the Bronx railway yard where
his injury was sustained during the period beginning October
31 and extending through November 16, 2012, and he does not
dispute that he traveled by car. In addition, petitioners do not
allege that they were prevented from using alternative methods
of public transportation to reach their attorney's office.
Petitioners, in Anthony Gonzalez's sworn affidavit, have boldly
misrepresented their ability to travel into the City to meet
with counsel and omitted that Anthony Gonzalez actually did
travel into the City on numerous occasions in the weeks im-
mediately prior to expiration of the time period for serving a
notice of claim.

---

* Petitioners have abandoned their alternative ground for relief predicated
on the Governor's Executive Order No. 52 (9 NYCRR 8.52), which does not
apply to timely filing requirements that may be extended by the courts in the
exercise of discretion.

A late notice of claim will only be accepted "upon a showing of 'reasonable excuse' as that term has come to be defined" (*Boland v State of New York*, 30 NY2d 337, 346 [1972]). While the absence of support for a proffered excuse may be outweighed by other considerations (*see Matter of Ansong v City of New York*, 308 AD2d 333, 334 [1st Dept 2003]), petitioners' attempt to deceive the court as to why they were unable to file a timely notice of claim should not be condoned and alone warrants dismissal of the application.

As a matter of procedure, the motion court erred in entertaining arguments advanced for the first time in petitioners' reply papers and in accepting their offer of new proof, unnecessarily protracting summary proceedings. As succinctly stated by this Court: "It is settled that a special proceeding is subject to the same standards and rules of decision as apply on a motion for summary judgment, requiring the court to decide the matter 'upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised' " (*Karr v Black*, 55 AD3d 82, 86 [1st Dept 2008], *lv denied* 11 NY3d 712 [2008], quoting CPLR 409 [b]; *Matter of Port of N.Y. Auth. [62 Cortlandt St. Realty Co.]*, 18 NY2d 250, 255 [1966], *cert denied sub nom. McInnes v Port of N.Y. Auth.*, 385 US 1006 [1967]).

We further held that where, as here, a petition is unsupported by sufficient evidentiary proof, the petitioning party will not be entitled to remedy those deficiencies (*Karr* at 86), thereby extending a procedure providing for summary disposition through "unnecessary and unauthorized elaboration" (*Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1st Dept 1992]). We have consistently stated that in proceedings subject to summary determination, no consideration is to be accorded to novel arguments raised in reply papers (*Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 626 [1st Dept 1995]). That this Court may, in the exercise of discretion, entertain such arguments upon review (*see Matter of Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380, 381-382 [1st Dept 2006]) does not endorse the unnecessary extension of summary proceedings. Under these circumstances, it was improvident to excuse petitioners' deceit and grant their application to serve a late notice of claim.

Petitioners also failed to demonstrate that respondents acquired actual notice of the essential facts within 90 days after the claim arose or a reasonable time thereafter (*see Mehra v City of New York*, 112 AD3d 417, 417-418 [1st Dept 2013]). Indeed, the workers' compensation form or "C-2" form regarding the accident does not set forth any facts suggesting that

the claimed injuries were due to respondents' negligence; it merely states that Anthony Gonzalez was injured after he lost his footing while he was close to the edge of the train car while working, making no mention of petitioners' present claim that the railroad car had a bent edge and was not equipped with proper safety devices (*see Matter of Brennan v Metropolitan Transp. Auth.*, 110 AD3d 437 [1st Dept 2013]; *Matter of Casale v City of New York*, 95 AD3d 744, 745 [1st Dept 2012]).

In light of the foregoing factors, which heavily militate against granting the petition, we need not address the final criterion to be considered in assessing a late notice of claim—whether respondents have been substantially prejudiced by the delay—except to note that petitioners' assertion that the alleged defective condition has remained unchanged since the accident is unsupported (*see Alladice v City of New York*, 111 AD3d 477, 478 [1st Dept 2013]; *Matter of Santiago v New York City Tr. Auth.*, 85 AD3d 628, 629 [1st Dept 2011]). Concur—Tom, J.P., Saxe, Feinman, Clark and Kapnick, JJ.