In the Matter of WAYNE BAUM, Appellant, v CITY OF NEW YORK, Respondent. [26 NYS3d 849]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered November 5, 2014, which denied petitioner's application for leave to file a late notice of claim, unanimously affirmed, without costs.

Although the absence of a reasonable excuse does not compel denial of an application for leave to file a late notice of claim (*see Matter of Brennan v Metropolitan Transp. Auth.*, 110 AD3d 437 [1st Dept 2013]), petitioner has failed to demonstrate that respondent had actual knowledge of the claim within the statutory 90-day service period or a reasonable time thereafter (*see Gonzalez v City of New York*, 92 AD3d 619 [1st Dept 2012]; *Matter of Grande v City of New York*, 48 AD3d 565 [2d Dept 2008]). Indeed, petitioner failed to submit the report he claims was generated by his supervisors at the Department of Buildings that sets forth the facts upon which respondent's liability is predicated, and there is no evidence that such a report was ever prepared (*see Matter of Barzaga v New York City Hous. Auth.*, 204 AD2d 163 [1st Dept 1994]). Petitioner also submitted no evidence that he made an attempt to procure the report he believes was prepared by his supervisors nor did he attempt

to locate his supervisors even though the Department of Buildings allegedly had procedures in place which required them to notify respondent of the incident (*see Tavarez v City of New York*, 26 AD3d 297, 298 [1st Dept 2006]).

Furthermore, petitioner's unsupported assertion that the condition that caused his accident has remained unchanged since his fall is insufficient to demonstrate the lack of any prejudice to respondent from the more than one year delay (*see Matter of Santiago v New York City Tr. Auth.*, 85 AD3d 628 [1st Dept 2011]). Concur—Sweeny, J.P., Renwick, Moskowitz and Gische, JJ.