# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**373**
**CA 16-01466**
PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

WALTER KENNEDY, CLAIMANT-APPELLANT,

V                                                   MEMORANDUM AND ORDER

OSWEGO CITY SCHOOL DISTRICT,
RESPONDENT-RESPONDENT.

---

KENNY & KENNY, PLLC, SYRACUSE (MICHAEL P. KENNY OF COUNSEL), FOR
CLAIMANT-APPELLANT.

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (CHRISTOPHER M.
MILITELLO OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oswego County (Norman
W. Seiter, Jr., J.), entered February 24, 2016.  The order, inter
alia, denied the application of claimant for leave to serve a late
notice of claim on respondent.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Claimant appeals from an order that, inter alia,
denied his application for leave to serve a late notice of claim
against respondent pursuant to General Municipal Law § 50-e (5) for
violations of the Labor Law.  We reject claimant's contention that
Supreme Court erred in denying the application.

"In determining whether to grant such leave, the court must
consider, inter alia, whether the claimant has shown a reasonable
excuse for the delay, whether the municipality had actual knowledge of
the facts surrounding the claim within 90 days of its accrual, and
whether the delay would cause substantial prejudice to the
municipality" (*Matter of Friend v Town of W. Seneca*, 71 AD3d 1406,
1407; *see generally* General Municipal Law § 50-e [5]; Education Law
§ 3813 [2-a]).  "Absent a clear abuse of the court's broad discretion,
the determination of an application for leave to serve a late notice
of claim will not be disturbed" (*Dalton v Akron Cent. Schs.*, 107 AD3d
1517, 1518, *affd* 22 NY3d 1000 [internal quotation marks omitted]).

Here, claimant failed to establish that respondent had actual
knowledge of the essential facts constituting the claim within the
requisite time period (*see Folmar v Lewiston-Porter Cent. Sch. Dist.*,
85 AD3d 1644, 1645), which is a factor "that should be accorded great
weight in determining whether leave to serve a late notice of claim

should be granted" (*Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304, 1304, *lv denied* 2 NY3d 704; *see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535; *Matter of Turlington v Brockport Cent. Sch. Dist.*, 143 AD3d 1247, 1248). Contrary to claimant's contention, the accident report prepared by claimant's employer and purportedly received by the construction manager for the school project on which claimant was injured did not impute to respondent the requisite actual knowledge inasmuch as the evidence in the record failed to establish that the construction manager was an agent of respondent (*see Matter of Casale v City of New York*, 95 AD3d 744, 745; *see also Mehra v City of New York*, 112 AD3d 417, 418). In any event, even assuming, arguendo, that the construction manager was respondent's agent and timely received the accident report, we conclude that the report was insufficient to provide respondent with actual knowledge of the essential facts constituting the claim inasmuch as it described the underlying occurrence and claimant's injuries in general terms and made no connection between the accident and any liability on the part of respondent (*see Matter of Jin Gak Kim v Dormitory Auth. of the State of N.Y.*, 140 AD3d 1459, 1460-1461; *Matter of Fernandez v City of New York*, 131 AD3d 532, 533; *Mehra*, 112 AD3d at 418; *Matter of Kliment v City of Syracuse*, 294 AD2d 944, 945). "Respondent's knowledge of the accident and the injury, without more, does not constitute actual knowledge of the essential facts constituting the claim" (*Folmar*, 85 AD3d at 1645 [internal quotation marks omitted]). Moreover, "[w]hile the record reveals that certain of respondent's employees had been generally alerted [at a project meeting] that a [worker] injured himself on the job, no details or specifics of the accident or the extent of injuries were given or known such that it could be fairly stated that respondent 'acquired actual knowledge of the essential facts constituting the claim' . . . within a reasonable time of the accident" (*Matter of Smith v Otselic Val. Cent. Sch. Dist.*, 302 AD2d 665, 666).

With respect to claimant's excuse for the delay, we conclude that, even if he was "initially unaware of the severity of his injuries, he did not seek leave to serve a late notice of claim until [nearly seven] months after he underwent surgery, and he failed to offer a reasonable excuse for the postsurgery delay" (*Friend*, 71 AD3d at 1407; *see Mehra*, 112 AD3d at 418). Claimant's further excuse that his ability to ascertain that respondent could be liable was impaired by respondent's allegedly inadequate initial responses to his Freedom of Information Law (FOIL) requests is unavailing here, inasmuch as claimant failed to explain how any FOIL responses were necessary to discover that respondent, the known owner of the school, was potentially liable for violations of the Labor Law (*cf. Matter of Rivera v City of New York*, 127 AD3d 445, 445-446; *see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-503).

We further conclude that claimant failed to meet his initial burden of showing that the late notice will not substantially prejudice respondent's ability to investigate and defend against the claim (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466; *Matter of D'Agostino v City of New York*, 146 AD3d 880,

882).  Thus, under the circumstances of this case, we cannot conclude that there was a clear abuse of the court's broad discretion in denying claimant's application.

Finally, we reject claimant's contention that respondent should be equitably estopped from relying on General Municipal Law § 50-e based upon its allegedly inadequate initial FOIL responses.  Here, "there is no evidence that [respondent] engaged in any improper conduct dissuading [claimant] from serving a timely notice of claim" (*Putrelo Constr. Co. v Town of Marcy*, 105 AD3d 1406, 1408; *see Glasheen v Valera*, 116 AD3d 505, 505-506) and, in any event, claimant's purported reliance upon the FOIL responses in delaying the notice of claim was not justifiable under the circumstances (*see Mohl v Town of Riverhead*, 62 AD3d 969, 970-971; *Dowdell v Greene County*, 14 AD3d 750, 750-751; *Wilson v City of Buffalo*, 298 AD2d 994, 995-996, *lv denied* 99 NY2d 505).

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court