■ In the Matter of RYSZARD GRAJKO, Respondent, v CITY OF NEW YORK et al., Appellants. [57 NYS3d 11]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered September 15, 2016, which, among other things, granted petitioner's motion for leave to serve a late notice of claim upon respondents, reversed, on the law and the facts, without costs, the motion denied, and the petition dismissed. The Clerk is directed to enter judgment accordingly.

The underlying facts of the accident are set forth by the dissent. The motion court improvidently exercised its discretion in granting the motion. Petitioner failed to establish any of the relevant statutory factors that would warrant leave to serve a late notice of claim (General Municipal Law § 50-e [5]; Matter of Kelley v New York City Health & Hosps. Corp., 76 AD3d 824, 825 [1st Dept 2010]). Petitioner's alleged failure to realize the severity of his injuries within 90 days after his accident did not constitute a reasonable excuse for his delay in serving a notice of claim, especially since petitioner filed a workers' compensation claim just weeks after the accident (see e.g. Matter of Casale v City of New York, 95 AD3d 744, 744-745 [1st Dept 2012]). Nor did petitioner show that respondents acquired actual knowledge of the essential facts constituting the claim within the statutory period, or a reasonable time thereafter (see General Municipal Law § 50-e [5]). There is no evidence that respondents received petitioner's workers' compensation claim form, which, in any event, makes no mention of the al-

legations against respondents (*see Colarossi v City of New York*, 118 AD3d 612, 612 [1st Dept 2014]). Absent any knowledge of even a potential Labor Law claim, respondents certainly had no basis to conduct their own investigations (*see Matter of Thompson v City of New York*, 95 AD3d 1024 [2d Dept 2012]).

Petitioner also failed to establish a lack of prejudice to respondents. Petitioner's reliance on *Newcomb* (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455 [2016]) is misplaced. In *Newcomb*, a timely notice of claim had already been filed against the other municipal defendants and the only question was whether to permit the filing of a late notice of claim against the school district (*id.* at 461, 462). Notably, the petitioner in *Newcomb* pointed to several specific facts that negated any claim of prejudice on the part of the school district besides the passage of time, and thus his burden to show lack of prejudice in that case was easily met, shifting the burden to the school district (*id.* at 466-467). Our case has a completely different posture. As stated, there is no evidence respondents were aware of an accident even occurring. Petitioner here, unlike the petitioner in *Newcomb*, does no more than refer to numerous construction records that purportedly could be examined, yet provides no names of actual witnesses nor any reference to specific information in those records.

Even assuming petitioner here met his initial burden, the prejudice to respondents, shown herein, was clear and explicit. Concur—Friedman, J.P., Sweeny and Andrias, JJ.

Renwick and Manzanet-Daniels, JJ., dissent in a memorandum by Manzanet-Daniels, J., as follows: In my view, the motion court correctly granted petitioner leave to file a late notice of claim. I would accordingly affirm the order appealed from.

Petitioner was injured on July 15, 2015, while working as a bricklayer for Abex at a job site located at an intermediate school in the Bronx. Petitioner alleges that while lifting 60 to 70 pound buckets, he tripped and fell due to an uneven floor on a makeshift scaffold. He filed a workers' compensation claim on July 29, 2015, but did not file a notice of claim until July 15, 2016, a year later. In the intervening year, he underwent a shoulder and a hip surgery.

The motion court has broad discretion to extend the time to serve a notice of claim pursuant to General Municipal Law § 50-e (5) (*see Matter of Feliciano v New York City Hous. Auth.*, 188 AD2d 296, 296 [1st Dept 1992]). In determining whether to permit late filing, a court shall consider whether the corporation acquired actual knowledge of the essential facts underly-

ing the claim within the 90-day period or a reasonable time thereafter; whether the petitioner offered a reasonable excuse for the late notice; and whether the delay substantially prejudiced respondent's defense on the merits (*id.* at 296-297). "[T]he statute is remedial in nature, and therefore should be liberally construed" (*Matter of Thomas v City of New York*, 118 AD3d 537, 538 [1st Dept 2014]).

Petitioner's lack of awareness of the seriousness and extent of his injuries is a reasonable excuse for failing to timely serve the notice of claim (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 463, 465 [2016]). Petitioner did not immediately appreciate the extent of the injuries he suffered on July 15, 2015. His first surgery was on November 11, 2015, outside the 90-day window; his second surgery was performed almost a year after the incident and one week before his application for leave to serve a late notice of claim. Petitioner avers that he did not realize until after his second surgery that his career in construction was effectively over. Further, respondents' insurer received notice of the claim by virtue of the workers' compensation claim petitioner filed shortly after the accident.

Most importantly, respondents have failed to show that they are substantially prejudiced by the late notice of claim (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455 [2016]; *Matter of Richardson v New York City Hous. Auth.*, 136 AD3d 484, 485 [1st Dept 2016], *lv denied* 28 NY3d 905 [2016]). In *Newcomb*, the Court of Appeals held that the initial burden to demonstrate lack of substantial prejudice lies with the petitioner (28 NY3d at 466). While the showing need not be extensive, petitioner must show "some evidence or plausible argument that supports a finding of no substantial prejudice" (*id.*); thereafter, the burden is on the respondent to make a "particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*id.* at 467 [the respondent failed to make showing of substantial prejudice where its opposition consisted of only an attorney's affirmation asserting that the respondent had no actual notice of the accident, and that it was prejudiced by the passage of time due to the fading memory of witnesses (*id.* at 463)]). The passage of time alone does not constitute substantial prejudice in the absence of specific evidentiary proof in the record to support the finding (*id.* at 466). We have previously held that a public corporation must demonstrate an actual attempt at investigation in order to show prejudice (*see Thomas v New York City Hous. Auth.*, 132 AD3d 432, 434 [1st Dept 2015] [prej-

udice not established where the defendant failed to investigate the subject stairwell]).

Petitioner here met his burden of showing lack of substantial prejudice. Petitioner's affidavit describes in detail the subject scaffold and the nature of the work performed, including the fact that the scaffold was dismantled on a daily basis and thus not susceptible to investigation even if timely notice had been given, a fact that weighs against a finding of prejudice (*see Matter of Caridi v New York Convention Ctr. Operating Corp.*, 47 AD3d 526 [1st Dept 2008]). Petitioner relies upon the availability of several witnesses who can testify concerning the condition of the scaffold and petitioner's injuries, as well as photos that would permit respondents to reconstruct and investigate the accident. Respondents' claim that construction records "will not provide any insight into the happenings of [petitioner's] accident" is without merit. Respondents can identify witnesses through attendance and payroll records, including Abex employees onsite who worked alongside petitioner, the persons who erected the scaffold, and respondents' own supervisors and employees. Daily work records, log books, inspection records, and safety reports, among others, detail the work performed on any given day and the materials and equipment used on site; these are precisely the records that will enable respondents to investigate and defend. The various records outlined by petitioner are in the possession of respondents or available to them through their contractor, Abex. It defies logic that respondents would not have access to their own work records (*see Matter of Edwards v City of New York*, 2 AD3d 110, 111 [1st Dept 2003] [granting motion to file a late notice of claim upon finding, inter alia, a lack of prejudice as a result of the delay; noting, "It is not credible that (respondent) lacks records of its employees' work assignments and its provision of protective equipment"]).

Respondents fail to make the requisite "particularized evidentiary showing that [they] will be substantially prejudiced if the late notice is allowed" (*Newcomb*, 28 NY3d at 467). Respondents' opposition is predicated on the "passage of time" argument expressly rejected in *Newcomb* (*id.* at 463, 466), and consists solely of an affirmation of counsel, without any supporting affidavits from a person with knowledge of the construction site. Respondents failed to submit evidence that they even attempted to investigate the site or the circumstances of the accident.