Matter of Rodriguez v City of New York (2019 NY Slip Op 00216)





Matter of Rodriguez v City of New York


2019 NY Slip Op 00216


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Friedman, J.P., Gische, Oing, Singh, Moulton, JJ.


8070N 152230/18

[*1]In re Ana Rodriguez, Petitioner-Appellant,
v
City of New York, etc., Respondent-Respondent.


Geoffrey Schotter, Brooklyn, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Shannon Colabrese of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered April 17, 2018, which denied petitioner's motion for leave to serve a late notice of claim upon respondent, unanimously affirmed, without costs.
The court did not abuse its discretion in denying petitioner's leave application, because she failed to establish that respondent had actual knowledge of the essential facts constituting the claim within the statutory period, or a reasonable time thereafter. The documentation petitioner submitted to the Workers' Compensation Board does not establish that respondent obtained timely actual notice of her claims, because it fails to set forth any facts that suggest her injuries were caused by respondent's negligence and there is no evidence that her workers' compensation claim was received by respondent (see Matter of Grajko v City of New York, 150 AD3d 595, 595-596 [1st Dept 2017], appeal dismissed 30 NY3d 1011 [2017], lv denied 31 NY3d 910 [2018]). The fact that the City's Law Department acted as counsel for petitioner's employer, the New York City Health and Hospitals Corporation (HHC), during a workers' compensation proceeding regarding the injuries she allegedly sustained as a result of the incident with an inmate does not establish that respondent obtained timely notice of her negligence claims against it, because respondent has no control over the HHC, which is a separate and distinct statutory entity (see Skelton v City of New York, 176 AD2d 664 [1st Dept 1991]).
Contrary to petitioner's contention, the seven-month delay has prejudiced respondent's ability to investigate who was present during the incident and collect testimony from witnesses whose memories were fresh (see Alexander v City of New York, 2 AD3d 332 [1st Dept 2003]). The fact that petitioner twice spoke with an employee of the Department of Correction about the incident and told him of her intention to commence an action against respondent does not establish that respondent had timely actual notice of her claims, because knowledge that she was assaulted by an inmate does not connect the accident to the claim that respondent was negligent for failing to have a correction officer present while she spoke with her assailant (see Matter of Schifano v City of New York, 6 AD3d 259 [1st Dept 2004], lv denied 4 NY3d 703 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK