Matter of Vijeu v New York City Health & Hosps. Corp. (2022 NY Slip Op 00644)





Matter of Vijeu v New York City Health & Hosps. Corp.


2022 NY Slip Op 00644


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Index No. 33026/19E Appeal No. 15197 Case No. 2021-00513, 2021-01337 

[*1]In the Matter of Gina Vijeu, Petitioner-Appellant,
v
New York City Health & Hospitals Corporation, Respondent-Respondent.


Reingold & Tucker, Brooklyn (Jordan W. Tucker of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered August 6, 2020, which denied the petition for leave to file a late notice of claim, and order, same court and Justice, entered April 14, 2021, which, to the extent appealed from as limited by the briefs, denied petitioner's motion to renew the petition, unanimously affirmed, without costs.
In support of her petition for leave to file a late notice of claim, petitioner failed to show that respondent had actual knowledge of the facts constituting her medical malpractice claim within 90 days after the claim arose or a reasonable time thereafter (see General Municipal Law § 50-e[5]). The medical records in respondent's possession do not show that the medical staff, by act or omission, caused petitioner an injury (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677 [2016]). Nothing in the record on appeal demonstrates that respondent had notice of petitioner's claim. Given the foregoing, petitioner failed to demonstrate the absence of prejudice to respondent resulting from a 10-month delay in filing a notice of claim (see Matter of Kelley v New York City Health & Hosps. Corp., 76 AD3d 824, 828-829 [1st Dept 2010]).
Petitioner also failed to establish a reasonable excuse for her 10-month delay in filing a late notice of claim, particularly since the operative report from nonparty New York University Langone Health (Langone) indicates that she waited approximately nine months before undergoing a second surgery, despite her physician's recommending exploratory surgery on several occasions (see Matter of J.H. v New York City Health & Hosps. Corp., 179 AD3d 452 [1st Dept 2020]; Matter of Casale v City of New York, 95 AD3d 744, 745 [1st Dept 2012]). Petitioner's assertion that it was not apparent to her that the sensory nerve deficits, loss of grip strength, and difficulty flexing her right hand were the result of nerve damage until her second exploratory surgery at Langone, some 11 months after her first exploratory surgery at respondent's hospital, lacks probative value as to when her transected median nerve should have been discovered (see Matter of Felder v City of New York, 53 AD3d 401, 402-403 [1st Dept 2008], lv denied 11 NY3d 707 [2008]). The motion court properly declined to consider the medical record or the expert report submitted by petitioner on reply (see Matter of Gonzalez v City of New York, 127 AD3d 632, 633 [1st Dept 2015]).
In support of her motion for renewal, petitioner offered no explanation for failing to submit the September 28, 2020 expert report on the original motion (see CPLR 2221[e]). In any event, the report fails to establish that respondent had actual knowledge of the facts constituting her medical malpractice claim within 90 days after the claim arose or a reasonable time thereafter.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022