Matter of Philbin v City of New York (2024 NY Slip Op 01998)

Matter of Philbin v City of New York

2024 NY Slip Op 01998

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Gesmer, J.P., Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 151922/22 Appeal No. 2042 Case No. 2023-00517 

[*1]In the Matter of Stephen Philbin, Petitioner-Respondent,
v
The City of New York, et al., Respondents-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Julie Steiner of counsel), for The City of New York, appellant.
Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for New York City Housing Authority, appellant.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York (Richard M. Steigman of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about October 12, 2022, which granted petitioner's motion for leave to file a late notice of claim, unanimously reversed, on the law, without costs, and the motion denied.
Petitioner's motion for leave to file a late notice of claim against respondent City of New York should have been denied, as the claim against the City plainly lacks merit (see Alladice v City of New York, 111 AD3d 477, 478 [1st Dept 2013]). It is undisputed that the City did not own the property where petitioner was allegedly injured, and that respondent New York City Housing Authority (NYCHA) owned the property.
The motion court improvidently granted petitioner's motion for leave to file a late notice of claim against NYCHA, because petitioner failed to establish any of the relevant statutory factors that would warrant leave to serve a late notice of claim (see General Municipal Law § 50-e [5]; Matter of Grajko v City of New York, 150 AD3d 595, 595 [1st Dept 2017], appeal dismissed 30 NY3d 1011 [2017], lv denied 31 NY3d 910 [2018]). Petitioner did not show that NYCHA acquired actual knowledge of the essential facts constituting the claim within the statutory period, or a reasonable time thereafter (see General Municipal Law § 50-e [5]). There is no evidence that NYCHA received petitioner's workers' compensation claim forms, which, in any event, make no mention of the allegations against NYCHA (see Colarossi v City of New York, 118 AD3d 612, 612-613 [1st Dept 2014]; Mehra v City of New York, 112 AD3d 417, 418 [1st Dept 2013]). Petitioner's assertion that he did not learn of the seriousness of his shoulder injury until months later did not constitute a reasonable excuse for his delay in serving a notice of claim, as he filed the workers' compensation claim a few weeks after the accident (see Matter of Grajko, 150 AD3d at 595).
Furthermore, petitioner failed to demonstrate the lack of substantial prejudice to NYCHA through the photographs he took of the accident area and of the scaffold on which he was allegedly injured (see Matter of Baum v City of New York, 137 AD3d 611, 612 [1st Dept 2016]). The photograph of the scaffold showed a disassembled scaffold that was not in the same condition as it was at or around the time of the accident (see Seif v City of New York, 218 AD2d 595, 597 [1st Dept 1995]). Petitioner's assertion that the scaffold was disassembled before the expiration of the 90-day statutory period was unsupported by the evidence. A scaffold is unlike a transitory condition such as debris at a construction site (compare Matter of Ferrer v City of New York, 172 AD2d 240, 241 [1st Dept 1991]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024