Waddell v City of New York

2026 NY Slip Op 02357

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

James Waddell, Plaintiff-Respondent,

v

The City of New York et al., Defendants-Appellants, P.O. "Jane Does #1-8" et al., Defendants.

Decided and Entered: April 16, 2026

Index No. 158685/24|Appeal No. 6410|Case No. 2025-01213|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

Muriel Goode-Trufant, Corporation Counsel, New York (Diana Lawless of counsel), for appellants.

Harris Keenan & Goldfarb, New York (Jason Steinberg of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Jeanine R. Johnson, J.), entered January 14, 2025, which granted plaintiff's motion for leave to serve a late notice of claim upon defendants and deemed the notice of claim timely served nunc pro tunc, unanimously reversed, on the law, without costs, and the motion denied.

Supreme Court erred in granting plaintiff's motion to deem the notice of claim timely served on defendants. Plaintiff failed to establish any of the relevant statutory factors that would warrant leave to serve a late notice of claim (see General Municipal Law § 50-e [5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461 [2016]). Plaintiff's averment that he was unaware of the time limits necessary to file a notice of claim and initially did not retain counsel after being released from custody because he was focusing on the criminal charges against him are not acceptable excuses for failing to file a timely notice of claim (see Palmer v City of New York, 226 AD2d 149 [1st Dept 1996]; see also Mehra v City of New York, 112 AD3d 417, 418 [1st Dept 2013]).

Furthermore, plaintiff failed to submit any evidence establishing that defendants acquired actual knowledge of the essential facts constituting the claims within 90 days of the accrual of the claims or within a reasonable time thereafter (see Cassidy v New York City Tr. Auth., 238 AD3d 484, 485 [1st Dept 2025]). Plaintiff's allegations that NYPD officers participated in his false arrest and detention and that they assaulted and battered him do not satisfy plaintiff's burden of establishing that defendants acquired actual knowledge of the essential facts because his allegations do not constitute facts or evidence (see Matter of Jaime v City of New York, 41 NY3d 531, 543 [2024]). Plaintiff's allegation that defendants must have records regarding his arrest, detention, and prosecution is also unavailing, as "the alleged existence of records does not suffice to establish actual knowledge" (Rivera v New York City Dept. of Transp., 235 AD3d 510, 511 [1st Dept 2025] [internal quotation mark omitted]).

Since plaintiff failed to make an initial showing that defendants were not prejudiced by the delay of about 11 months in filing the notice of claim, the burden never shifted to defendants to make a particularized showing of prejudice to their ability to defend on the merits (see Matter of Cani v New York City Health & Hosps. Corp., 242 AD3d 408, 409 [1st Dept 2025]).

As defendants acknowledge, plaintiff's claim for malicious prosecution is timely because the notice of claim was served on defendants about 41 days after the charges were dismissed, which is well within the 90-day statutory time limit prescribed by General Municipal Law § 50-e(5) (see Rochester v City of New York, 168 AD3d 435, 436 [1st Dept 2019]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026