■ In the Matter of GAMALIER SILVA, Appellant, v CITY OF NEW YORK et al., Respondents. [668 NYS2d 189] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered March 12, 1997, which denied petitioner's application to serve a late notice of claim upon respondents nunc pro tunc, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the application granted.

This is an application pursuant to General Municipal Law § 50-e (5). On December 28, 1995, petitioner allegedly slipped and fell on a metal plate set in a cracked and broken portion of a Bronx sidewalk. Two weeks later, after experiencing severe pain, he was transported to Lincoln Hospital where he was diagnosed with fractures of his lower back. After a 20-day hospitalization, petitioner undertook a course of physical therapy, and retained counsel only on April 1, 1996, five days after expiration of the statutory 90-day period for filing notice of claim (§ 50-e [1] [a]). Respondents received the required statutory notices on April 5th and 8th, respectively nine and twelve days after the deadline.

In view of the medical and other evidence submitted, we find

that petitioner's disabling injury provides a reasonable excuse for the short delay in filing (see, *Matter of Annis v New York City Tr. Auth.*, 108 AD2d 643). Furthermore, any prejudice to respondents was minimal, since the alleged defect was not transitory nor likely to dissipate over the period of delay (*cf., Matter of Green v New York City Hous. Auth.*, 180 AD2d 586). Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.