■ BRYAN HOCKLER, Respondent, v THE WILLIAM POWELL COMPANY, Appellant. [11 NYS3d 45]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 23, 2014, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that he developed peritoneal mesothelioma as a result of his exposure to asbestos in the course of work he

did in the 1980s dismantling and salvaging scrap metal from, among other things, the steam systems in vacant buildings. Defendant, The William Powell Company (Powell), manufactured valves that contained asbestos in their packing and gaskets. Plaintiff alleges that these valves were among the metal components that he recovered as scrap metal. Plaintiff's claims against Powell are based on theories of strict products liability and negligence in the defective design of the valves. We reverse because, even assuming Powell's valves were defectively designed, plaintiff's injuries did not result from their intended or unintended but reasonably foreseeable use (*see Hoover v New Holland N. Am., Inc.*, 23 NY3d 41, 53-54 [2014]).

When asked to explain how he was exposed to asbestos, plaintiff testified: "A lot of this stuff was very old stuff, covered in—what I know now is asbestos. We would rip it off, smash it off, cut it off. Any way we could get it off these valves and pumps, cut or smash, break any way we could get them out."

"A manufacturer who sells a product in a defective condition is liable for injury which results to another when the product is used for its intended purpose or for an unintended but reasonably foreseeable purpose" (*Lugo v LJN Toys*, 75 NY2d 850, 852 [1990] [citations omitted]; *see also New Holland* at 53-54). The issue, which has not been squarely addressed by the courts of this State, is whether dismantling constitutes a reasonably foreseeable use of a product.

Although superseded in 1997 by Restatement (Third) of Torts: Products Liability, Restatement (Second) of Torts § 402A has since been cited as authority by the Court of Appeals (*see e.g. Sprung v MTR Ravensburg*, 99 NY2d 468, 473 [2003]).[1]

We reference section 402A because it has been cited as authority by courts of other jurisdictions in determining whether salvaging and demolishing constitute foreseeable uses of a product. For example, *Wingett v Teledyne Indus., Inc.* (479

---

**1.** Section 402A states as follows: "(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

NE2d 51 [Ind 1985], *overruled on other grounds Douglass v Irvin*, 549 NE2d 368 [Ind 1990]) was an action brought by a demolition worker who fell and was injured when a segment of ductwork that he sat upon collapsed as he was cutting it (*id.* at 53). Citing section 402A, the Supreme Court of Indiana affirmed an order granting summary judgment dismissing the demolition worker's strict products liability claim, finding that "the dismantling and demolition of the ductwork was not a reasonably foreseeable use of the product" (*id.* at 56). Applying the same reasoning, the Court also affirmed the dismissal of the negligence claim finding that, as a matter of law, the manufacturer of the ductwork owed no duty to the demolition worker (*id.*). Adopting the reasoning of the Court in *Wingett*, we find that plaintiff's salvage work was not a reasonably foreseeable use of the valves manufactured by Powell.

The plaintiff in *High v Westinghouse Elec. Corp.* (610 So 2d 1259 [Fla 1992]) was a scrap metal salvage worker who came into injurious contact with polychlorinated biphenyls (PCBs) while dismantling junked electrical transformers (*id.* at 1260-1261). Citing section 402A, the Supreme Court of Florida found no liability under the plaintiff's strict products liability claim holding that dismantling is not an intended use of a product (*id.* at 1262).[2] In *Kalik v Allis-Chalmers Corp.* (658 F Supp 631 [WD Pa 1987]), the court also cited section 402A in holding that "the dismantling and processing of junk electrical components was not a reasonably foreseeable use of [General Electric Company's] product" (*id.* at 635). We find these decisions persuasive. "To recover for injuries caused by a defective product, the defect must have been a substantial factor in causing the injury, and 'the product must have been used for the purpose and in the manner normally intended or in a manner reasonably foreseeable' " (*Hartnett v Chanel, Inc.*, 97 AD3d 416, 419 [1st Dept 2012], *lv denied* 19 NY3d 814 [2012] [citation omitted]). As plaintiff did not use Powell's manufactured product in a reasonably foreseeable manner and his salvage work was not an intended use of the product, the complaint should have been dismissed. Concur—Acosta, J.P., Saxe, DeGrasse and Richter, JJ.

---

**2.** The *High* court did find a triable issue of fact as to whether a timely warning of the dangerous propensities of PCBs was given (*id.* at 1262-1263). Based on our own jurisprudence we, nonetheless, find no triable issue of fact regarding a duty to warn in this case because, as we note above, dismantling is not a foreseeable use of the valves manufactured by Powell. A manufacturer has no duty to warn against latent dangers that do not result "from foreseeable uses of its products of which it knew or should have known" (*cf. Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 297 [1992]).