Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 31, 2017, which granted the motion of defendant International Paper Company (IP) for summary judgment dismissing plaintiffs products liability claims as against it, granted the motion of defendant Owens-Illinois, Inc. (Owens) for summary judgment dismissing plaintiffs’ products liability claims and common-law negligence claim as against it, and sua sponte dismissed the remainder of plaintiffs’ claims against IP and Owens, unanimously reversed, on the law, with costs, the motions denied, and the claims reinstated.
 

 Contrary to defendants’ argument, this Court’s ruling in Hockler v William Powell Co. (129 AD3d 463 [1st Dept 2015]) does not require dismissal of the claims against IP and Owens. Here, the re-sizing of wood laminate doors with asbestos-containing cores resulted in the incidental release of asbestos dust into plaintiffs’ facilities (see e.g. Matter of New York City Asbestos Litig., 27 NY3d 765 [2016]). In any event, IP and Owens both failed to make out their prima facie burdens as movants (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), inasmuch as no testimony, either expert or lay, was proffered regarding the foreseeability that the doors, and thus their core, would be cut for their use as paneling.
 

 To the extent that the order sua sponte dismissed the complaint, that portion of the order is not appealable as of right (see CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). However, given the extraordinary nature of the sua sponte relief, that is, dismissal of the complaint, we nostra sponte deem the notice of appeal from that portion of the order to be a motion for leave to appeal, grant such leave (see CPLR 5701 [c]; Ray v Chen, 148 AD3d 568 [1st Dept 2017]; Serradilla v Lords Corp., 12 AD3d 279, 280 [1st Dept 2004]), and reverse the order for the reasons stated above.
 

 Concur — Renwick, J.P., Andrias, Moskowitz and Gesmer, JJ.