Matter of Atkinson v New York City Health & Hosps. Corp. (2020 NY Slip Op 03609)





Matter of Atkinson v New York City Health & Hosps. Corp.


2020 NY Slip Op 03609


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Renwick, Gesmer, Oing, Singh, JJ.


11707N 29358/18E

[*1] In re Claudette Atkinson, Petitioner-Respondent,
v
New York City Health & Hospitals Corp., et al., Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (Mackenzie Fillow of counsel), for appellants.
Borrell & Riso, L.L.P., Staten Island (John Riso of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered December 13, 2018, which granted petitioner leave to serve a late notice of claim, unanimously reversed, on the law and the facts, without costs, the petition denied, and the proceeding dismissed.
Petitioner seeks leave to serve a late notice of claim alleging that respondents New York City Health & Hospitals Corp. and Alina Purcea, M.D. (together, HHC) failed to provide her with timely referrals for diagnostic testing at her appointment on December 22, 2017, resulting in delay of diagnosis of her breast cancer until March 2018. Petitioner retained counsel in July 2018, and counsel commenced this proceeding in August 2018.
Petitioner failed to show that HHC had actual notice of her claim within 90 days of accrual of the claim, or a reasonable time thereafter. HHC's "mere possession or creation of medical records does not ipso facto establish that it had actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on plaintiff'" (Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677 [2016]). Here, HHC records of petitioner's treatment do not on their face show any negligence, malpractice or injury to plaintiff, and plaintiff did not submit a physician's affirmation to make such a showing (Matter of Kelley v New York City Health & Hosps. Corp., 76 AD3d 824, 828 [1st Dept 2010]).
Likewise, petitioner failed to demonstrate the lack of any prejudice to HHC from the delay, as HHC's "possession of medical records that could not alert it to a claim of malpractice obviously cannot, ipso facto, establish a lack of prejudice" (Kelley, 76 AD3d at 828). Because petitioner offered no other basis for the lack of prejudice to HHC, the burden never shifted to HHC to show prejudice from the delay (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467-468 [2016]).
Petitioner also failed to show a reasonable excuse for her delay in serving the notice of [*2]claim. She did not provide any specific information or medical evidence that would support her claim that her delay was reasonable (see Mittermeier v State of New York, 101 AD3d 426, 427 [1st Dept 2012], lv denied 21 NY3d 858 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK