231st Riverdale LLC v 7 Star Home Furniture Inc. (2021 NY Slip Op 05769)





231st Riverdale LLC v 7 Star Home Furniture Inc.


2021 NY Slip Op 05769


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 34749/19E Appeal No. 14446 Case No. 2021-00042 

[*1]231st Riverdale LLC, Plaintiff-Appellant,
v
7 Star Home Furniture Inc., et al., Defendants-Respondents.


Law Offices of Jason J. Rebhun P.C., New York (Jason J. Rebhun of counsel), for appellant.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about August 20, 2020, which denied plaintiff's motion for a default judgment and sua sponte dismissed the action upon the ground that sufficient relief for breach of the commercial lease was granted in a prior Civil Court proceeding, unanimously modified, on the law, to reinstate the action, and grant plaintiff leave to renew its motion, and otherwise affirmed, without costs.
Plaintiff did not demonstrate its entitlement to a default judgment as to the individual defendant who had guaranteed the corporate defendant's performance under the lease, because plaintiff did not satisfy the additional notice requirements (see CPLR 3215[g][3][i]), including submitting an affidavit attesting that the additional notice was mailed in an envelope marked personal and confidential, and did not reflect that it contained a communication from an attorney or concerned an alleged debt.
Furthermore, as to both defendants, plaintiff's motion for a default judgment lacked the requisite affidavit from a party or verified complaint to support such a motion (see CPLR 3215[f]; Feffer v Malpeso, 210 AD2d 60 [1st Dept 1994]; Whittemore v Yeo, 117 AD3d 544 [1st Dept 2014]). Plaintiff's otherwise timely motion under CPLR 3215 should have been denied, but with leave to renew (see e.g. Giordano v Berisha, 45 AD3d 416 [1st Dept 2007]; Williams v North Shore LIJ Health Sys., 119 AD3d 937 [2d Dept 2014]).
To the extent that the order sua sponte dismissed the complaint, that portion of the order is not appealable as of right (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). However, under the circumstances, we deem the notice of appeal from that portion of the order to be a motion for leave to appeal, and grant such leave (see All Craft Fabricators, Inc. v ATC Assoc., Inc., 153 AD3d 1159 [1st Dept 2017]; Ray v Chen, 148 AD3d 568, 569 [1st Dept 2017]). No extraordinary circumstances justified sua sponte dismissal of the complaint, and the ground identified by Supreme Court  res judicata  did not warrant dismissal in any event (see Ray v Chen, supra). Notably, the parties' 10-year commercial lease provided for various landlord remedies in the event that defendant corporate tenant materially breached the lease and such lease was terminated (see generally Holy Props. v Cole Prods., 87 NY2d 130 [1995]; New 24 W. 40th St. LLC v XE Capital Mgt., LLC, 104 AD3d 513 [1st Dept 2013]). To the extent plaintiff obtained some relief in a Civil Court action as to accrued unpaid rent and a warrant of eviction, Civil Court lacked the authority to grant the full remedies plaintiff seeks under the commercial lease terms (see generally NY City Civ Ct Act § 204; 172 
Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 534 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021