Umeh v New York City Health & Hosps. Corp. (2022 NY Slip Op 03358)





Umeh v New York City Health & Hosps. Corp.


2022 NY Slip Op 03358


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Friedman, Gesmer, Mendez, Higgitt, JJ. 


Index No. 29886/20E Appeal No. 15998 Case No. 2021-04038 

[*1]Micah Umeh, Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, Defendant-Respondent, Danielle Friedman, M.D. et al., Defendants.


Law Offices of K.C. Okoli, P.C., New York (K.C. Okoli of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about April 14, 2021, which denied plaintiff's application for leave to serve a late notice of claim or to deem the notice of claim timely filed, nunc pro tunc, and, thereupon sua sponte dismissed the complaint as against respondent New York City Health & Hospitals Corporation (HHC), unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiff's motion for leave to file a late notice of claim (see General Municipal Law § 50-e [5]). Even if the 90-day time-period for filing a timely notice of claim was tolled by the continuous treatment doctrine until, July 27, 2019, the date plaintiff received his final treatment at Montefiore Medical Center, plaintiff's time to timely file a notice of claim would have expired on October 27, 2019, and plaintiff did not file a notice of claim until September 2020. The notice of claim, filed without leave of court, was a nullity (see Kellogg v Office of Chief Med. Examiner of City of N.Y., 24 AD3d 376, 380 [1st Dept 2005]).
Plaintiff failed to show that HHC had actual notice of his medical malpractice claim within 90 days of accrual of the claim, or a reasonable time thereafter, because he failed to annex his medical records from Jacobi Medical Center, which is the HHC facility where he underwent the diverticulectomy at issue, to his moving papers (see Tavarez v New York City Health & Hosps. Corp., 264 AD2d 338 [1st Dept 1999]). The discharge summaries from defendant Montefiore Medical Center do not provide a basis for imputing actual knowledge of plaintiff's medical malpractice claims to HHC, because those records were not created by HHC and were not in HHC's possession (see Cartagena v New York City Health & Hosps. Corp., 93 AD3d 187, 191 [1st Dept 2012]). In any event, those records do not indicate that the Jacobi defendants inflicted injury by their acts or omissions and the "mere possession or creation of medical records does not ipso facto establish" that a defendant hospital obtained actual knowledge of the plaintiff's potential malpractice claim (Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677 [2016]).
Plaintiff also failed to submit any medical evidence to support his assertion that he was incapacitated to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim (see Matter of Atkinson v New York City Health & Hosps. Corp., 184 AD3d 528, 529 [1st Dept 2020]; Matter of Bell v City of New York, 100 AD3d 990, 990-991 [1st Dept 2012]). His assertion that HHC failed to provide the operative reports, which were necessary, is unpersuasive, because he did not show that he acted diligently in requesting those documents or that HHC failed to respond to his counsel's request or any follow up requests (cf. Matter of Townson v New York City Health & Hosps. Corp., 158 AD3d 401 [1st Dept 2018]). Although the absence [*2]of a reasonable excuse is not fatal, plaintiff also failed to show actual notice within the 90-day period or a reasonable time thereafter (see Harris v City of New York, 297 AD2d 473, 473-474 [1st Dept 2002], lv denied 99 NY2d 503 [2002]).
Because plaintiff failed to meet his initial burden of demonstrating the absence of substantial prejudice to HHC from the delay in filing a timely notice of claim, the burden never shifted to HHC to make a particularized evidentiary showing of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467-468 [2016]; Matter of Atkinson, 184 AD3d 528, 529). Given the delay and lack of notice, the court properly determined that HHC has been deprived of the opportunity to conduct a prompt investigation of the merits of plaintiff's malpractice claims and has been prejudiced by plaintiff's delay in seeking to serve a notice of claim (see Brown v New York City Health & Hosps. Corp. [N. Cent. Bronx Hosp.], 116 AD3d 514, 514 [1st Dept 2014], lv denied 24 NY3d 908 [2014]; Matter of Goffredo v City of New York, 33 AD3d 346, 350 [1st Dept 2006]).
Given the extraordinary nature of the sua sponte relief granted by the court in dismissing the complaint, we deem the notice of appeal from that portion of the order to be a motion for leave to appeal, and grant such leave (see All Craft Fabricators, Inc. v ATC Assoc., Inc., 153 AD3d 1159 [1st Dept 2017]; Ray v Chen, 148 AD3d 568, 569 [1st Dept 2017]). We find that the court properly dismissed the complaint against HHC sua sponte. Plaintiff failed to file a notice of claim with HHC, which is a condition precedent to commencing a suit for damages against the HHC (see Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61-62 [1984]). Since the court denied plaintiff leave to file a late notice of claim, plaintiff cannot maintain the instant medical malpractice action against HHC.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022