Matter of Gray v City of New York (2022 NY Slip Op 07188)

Matter of Gray v City of New York

2022 NY Slip Op 07188

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 30216/19E Appeal No. 16940 Case No. 2022-00453 

[*1]In the Matter of Elijah Gray, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.

Lebedin Kofman, LLP, New York (Jessica M. Gorman of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.

Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about July 22, 2021, which denied petitioner's application for leave to file a late notice of claim nunc pro tunc, unanimously affirmed, without costs.
The court providently exercised its discretion in denying petitioner leave to file a late notice of claim (see General Municipal Law § 50-e [5]). Even if petitioner's contention that his attorney needed additional time to obtain his medical records amounted to a reasonable excuse for his five-month delay, petitioner failed to demonstrate that respondents had actual notice of the essential facts constituting his medical malpractice claim within 90 days of its accrual, or a reasonable time thereafter, as he did not annex to his application any medical records indicating that he developed bed sores as the result of the acts or omissions of respondents' staff while under their care (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677 [2016]; Umeh v New York City Health & Hosps. Corp., 205 AD3d 599, 600 [1st Dept 2022]). Absent a showing that his medical records alerted respondents to his medical malpractice claim, petitioner also failed to demonstrate a lack of prejudice to respondents by the delay (see Matter of Figueroa v City of New York, 195 AD3d 467, 468-469 [1st Dept 2021]; Matter of Atkinson v New York City Health & Hosps. Corp., 184 AD3d 528, 529 [1st Dept 2020]). Petitioner's contention that respondents cannot claim substantial prejudice because they had the opportunity to investigate his medical malpractice claim at his 50-h hearing is unpreserved and, in any event, unavailing.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022