Cabral v Mueses (2025 NY Slip Op 00148)

Cabral v Mueses

2025 NY Slip Op 00148

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Inex No. 802132/21 Appeal No. 3455 Case No. 2023-05465 

[*1]Massiel Cabral, Plaintiff-Appellant,
v
Gregory Reyes Mueses, Defendant-Respondent, Nathalie Vasquez Defendant. 

Mitchell Dranow, Sea Cliff, for appellant.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about September 14, 2023, which denied plaintiff's motion for a default judgment against defendant Gregory Reyes Mueses and sua spontedismissed the complaint against him under CPLR 3215(c), unanimously affirmed, without costs.
The part of the order which sua sponte dismissed the complaint is not appealable as of right (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]; 231st Riverdale LLC v 7 Star Home Furniture Inc., 198 AD3d 524, 525 [1st Dept 2021]). However, under the circumstances here, we deem the notice of appeal to be a motion for leave to appeal, and grant such leave (see 231st Riverdale LLC, 198 AD3d at 525-526; New Globaltex Co., Ltd. v Zhe Lin, 173 AD3d 434 [1st Dept 2019]; CPLR 5701[c]).
The court properly found that plaintiff failed to demonstrate sufficient cause for seeking a default judgment more than a year after defendant's default to avoid dismissal under CPLR 3215(c)(see Selective Auto Ins. Company of N.J. v Nesbitt, 161 AD3d 560 [1st Dept 2018]; NYCTL 2017-A Trust v Heirs-at-Law of John Ghiselli, 215 AD3d 427, 429 [1st Dept 2023]). Plaintiff moved for a default judgment against defendant two years and four months after his failure to appear or answer the complaint. Her attorney's letters to defendant's insurance carrier sent within a year from defendant's default, while not the equivalent of ongoing settlement negotiations, showed an initial lack of intent to abandon her claim (see Hinds v 2461 Realty Corp., 169 AD2d 629, 632 [1st Dept 1991]; Corbin v Wood Pro Installers, 184 AD2d 234 [1st Dept 1992]). However, plaintiff did not submit evidence of any letters or activity after February 2022 and before June 2023, when plaintiff moved for a default judgment, and plaintiff failed to address this 16-month period of inactivity.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025