Matter of Romero v City of New York (2025 NY Slip Op 01054)

Matter of Romero v City of New York

2025 NY Slip Op 01054

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Index No. 155402/22|Appeal No. 3734|Case No. 2023-05594|

[*1]In the Matter of Judith Romero, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondents.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about June 2, 2023, which denied petitioner's motion to deem the notice of claim timely served on respondents nunc pro tunc, unanimously affirmed, without costs.
Petitioner claims that on November 13, 2021, she fell on a broken, uneven, and deteriorated portion of a roadway owned and maintained by respondents. Petitioner moved for an order deeming the notice of claim served on respondents on June 23, 2022, timely filed nunc pro tunc.
The court providently exercised its discretion in denying petitioner's application to deem the notice of claim timely served (see General Municipal Law § 50-e[5]; Alexander v New York City Tr. Auth., 200 AD3d 509, 510 [1st Dept 2021]). Petitioner's asserted ignorance of the notice of claim filing requirement does not excuse not timely filing the notice of claim (see Matter of Salazar v Metropolitan Transp. Auth., 219 AD3d 1237, 1237-1238 [1st Dept 2023]). Petitioner has provided no details as to her physical condition or treatment, let alone demonstrated that they prevented her from timely filing a notice of claim (see Matter of Atkinson v New York City Health & Hosps. Corp., 184 AD3d 528, 529 [1st Dept 2020]; Dardzinska v City of New York, 123 AD3d 483 [1st Dept 2014]).
Petitioner also failed to show that respondents had prior actual notice of the claim and that they were not prejudiced by the delay (see Harris v City of New York, 297 AD2d 473, 473-474 [1st Dept 2002], lv denied 99 NY2d 503 [2002]). Petitioner does not dispute that respondents did not have actual notice of the facts for about four months after the 90-day statutory deadline to file a notice of claim had expired.
Furthermore, petitioner failed to assert in her moving papers that the condition of the roadway where she allegedly tripped and fell remained unchanged after the accident (see Alladice v City of New York, 111 AD3d 477, 478 [1st Dept 2013]; Matter of Santiago v New York City Tr. Auth., 85 AD3d 628, 629 [1st Dept 2011]). Instead, petitioner contended the alleged defects would not have dissipated during the four-month delay because they were not transitory. Indeed, petitioner's notice of claim did not even describe these alleged defects, which "must be set forth with great specificity because of their transitory nature" (Burgos v City of New York, 202 AD3d 744, 745-746 [2d Dept 2022]).
Since petitioner failed to meet her initial burden of demonstrating the absence of substantial prejudice, the burden never shifted to respondents to make a particularized evidentiary showing of prejudice (see Nossogona C. v New York City Health & Hosps. Corp., 213 AD3d 407, 408 [1st Dept 2023]; Atkinson, 184 AD3d at 529).
Respondent is not required to demonstrate that it investigated the condition. Given that petitioner served a late notice of claim, and respondents did not have actual notice, "respondents certainly had no basis to conduct their own investigations" (Matter of Grajko [*2]v City of New York, 150 AD3d 595, 596 [1st Dept 2017], lv denied 31 NY3d 910 [2018]). Moreover, respondents could not investigate a condition if it no longer existed. "[S]idewalk and street defects, being transitory in nature, must be promptly investigated lest the passage of time make it impossible to reconstruct the circumstances existing at the time of the accident" (Turkenitz v City of New York, 213 AD2d 266, 266 [1st Dept 1995]).
Contrary to petitioner's contention, Matter of Richardson v New York City Hous. Auth. (136 AD3d 484 [1st Dept 2016], lv denied 28 NY3d 905 [2016]) is distinguishable. There, this Court found that the eight-month delay in providing notice would not substantially prejudice the respondent because NYCHA did not dispute that the sidewalk condition that caused the accident remained unchanged. Here, petitioner submitted no evidence regarding the alleged roadway condition with her leave application, nor averred in her affidavit of merit that she returned to the accident location and saw that the roadway remained unchanged since the incident. Matter of Silva v City of New York (246 AD2d 465 [1st Dept 1998]) which is cited by petitioner, is also distinguishable. There, this Court held that the prejudice to the respondents "was minimal" given that the petitioner sought leave within 12 days after
the statutory deadline. Further, the metal plate upon which plaintiff slipped and fell was set in a cracked and broken portion of the sidewalk, thus "was not transitory nor likely to dissipate over the period of delay" (id. at 465-466).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025