Metropolitan Prop. & Cas. Ins. Co. v Pentair Residential Filtration, LLC (2025 NY Slip Op 05635)

Metropolitan Prop. & Cas. Ins. Co. v Pentair Residential Filtration, LLC

2025 NY Slip Op 05635

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Index No. 153189/18|Appeal No. 4935|Case No. 2024-04359|

[*1]Metropolitan Property and Casualty Insurance Company as subrogee of Alex Kogan, Plaintiff-Respondent,
v
Pentair Residential Filtration, LLC, Defendant-Appellant. Arista Air Conditioning Corp., Defendant.

Quarles & Brady LLP, Milwaukee, WI (Lars E. Gulbrandsen of the bar of the State of Wisconsin, admitted pro hac vice, of counsel), for appellant.
Derrevere Stevens Black & Cozad, New York (Nicole Jennings of counsel), for respondent.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about June 14, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Pentair Residential Filtration, LLC for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion insofar as striking any references to liability under a failure to warn theory, and otherwise affirmed, without costs.
In this subrogation action brought by Metropolitan Property and Casualty Insurance Company (MetLife), Metlife's subrogee, Alex Kogan, bought a water filter unit from Pentair and installed it in a humidification system in his apartment. The filter allegedly failed and caused over $1 million of water damage to Kogan's property. MetLife paid Kogan for the damage, subrogated his claim, and seeks reimbursement from Pentair on the ground that Pentair designed, manufactured, and sold Kogan a defective filter.
Supreme Court correctly denied Pentair's motion insofar as it sought to dismiss the cause of action for products liability, as the record presents issues of fact as to whether it was reasonably foreseeable for Kogan to use the filter in a humidification system (cf. Hockler v William Powell Co., 129 AD3d 463, 465 [1st Dept 2015]). Pentair sustained its burden of showing that Kogan's use of the filter was not foreseeable by submitting the testimony of its engineering manager for the residential water treatment group, who stated that he had never seen the filter used in a humidification system. Pentair also submitted an affidavit from an expert engineer, who stated that use of the filter in a humidification system, which was supposed to be used for drinking water, was neither usual nor foreseeable. However, in an affidavit submitted in opposition to Pentair's motion, MetLife's expert engineer opined that the installation of the filter had a similar "duty cycle" to what would be found had it been installed to service a sink in a home, and that the use of the filter to service a humidification system was reasonable and foreseeable. The affidavit of MetLife's expert is sufficient to raise an issue of fact regarding foreseeability (see e.g. Lugo v LJN Toys, 75 NY2d 850, 852 [1990]).
Pentair is also not entitled to summary judgment insofar as the products liability cause of action is based on a manufacturing defect, as it did not sustain its burden of showing the absence of such a defect. According to the testimony of Pentair's engineering manager, the filter's manual states that it was designed to handle 30 to 125 PSI of water pressure. However, Pentair's own expert stated that the water pressure at Kogan's premises was only 110 PSI, which suggests that the filter might not have been built up to its standard (see Denny v Ford Motor Co., 87 NY2d 248, 257 n 3 [1995]; see also Ramos v Howard Indus., Inc., 10 NY3d 218, 223-224 [2008]).
Similarly, Pentair failed to demonstrate its entitlement to summary judgment based on the absence of a design defect. Even assuming that Pentair sustained its burden on the motion, MetLife raised an issue of fact as to whether there was a design defect and a feasible safer design by pointing to the statements of Pentair's own expert engineer, who stated in his report that a "more robust" alternative design for the filter was possible (see Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107 [1983]). These statements by the expert are sufficient for potential liability on a design defect theory (id.).
However, MetLife may not proceed with its strict product liability action under a theory of failure to warn, as it first raised that theory in its opposition to Pentair's motion for summary judgment (see Ostrov v Rozbruch, 91 AD3d 147, 154 [1st Dept 2012]). Accordingly, Supreme Court should have stricken any reference in the papers to liability under a theory of failure to warn. 
We have considered Pentair's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025