Thompson v Thompson (2026 NY Slip Op 00109)

Thompson v Thompson

2026 NY Slip Op 00109

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P. SEQ CHAPTER \h \r 1, Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Index No. 313421/11|Appeal No. 5566-5567|Case No. 2024-06370, 2024-05138|

[*1]Victor G. Thompson, Appellant,
vClaudine T. Thompson, Respondent.

Sergio Villaverde PLLC, New York (Sergio Villaverde of counsel), for appellant.
Akin Gump Strauss Hauer & Feld LLP, New York (Mia Brill Rosenblum of counsel), for respondent.

Appeal from second amended order of reference, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about December 27, 2023, which referred the determination of plaintiff's child support obligation to a special referee for a de novo hearing, unanimously dismissed, without costs, as taken from a nonappealable order.
Order, same court, (Phyllis Sambuco, Special Referee), entered on or about July 17, 2024, which granted plaintiff's motion to the extent of quashing three of the challenged subpoenas served upon nonparty out-ot-state financial institutions Bank of America, NA, Merrill Lynch, Pierce, Fenner & Smith Incorporated, and JP Morgan Chase Bank, NA, quashing the subpoena served upon nonparty CT Corporation System (CT Corp) as overbroad, and partially quashing the subpoena served upon nonparty Air Source Mechanical, Inc. (Air Source) to the extent of quashing all requests for information from January 1, 2015 to December 31, 2018, defendant's requests for information relating to corporate bank accounts, liens, and judgments (Document Request 2), defendant's request for "any and all ledgers, notebooks or spreadsheets" (Document Request 4), and the entirety of Document Request 6, unanimously modified, on the law and the facts, to the extent of denying the motion to quash the subpoenas served upon Bank of America, Merrill Lynch, Pierce, Fenner & Smith, and JP Morgan Chase, denying the motion to quash the subpoena served upon Air Source with the exception of the limitation of the relevant time period of post-2018, and granting in part and denying in part the motion to quash the subpoena served upon CT Corp to the extent of limiting the production of documents to the first document request, which pertains solely to plaintiff, and otherwise affirmed, without costs.
The order of reference is not appealable as of right as it did not decide a motion made on notice (CPLR 5701 [a][2][v]; see Sholes v Meagher, 100 NY2d 333, 335 [2003]; Matter of Kurell B. v Tiffany C.B., 236 AD3d 508, 508 [1st Dept 2025]). The proper procedure for seeking review of such an order is to first move to vacate the order and then take an appeal as of right in accordance with CPLR 5701(a)(3) from the subsequent order, based on the record developed on the motion (see Sholes, 100 NY2d at 335). Nor did the order of reference grant such extraordinary relief that the notice of appeal should be deemed a motion for leave to appeal (see Brown v Gutiez, 238 AD3d 509, 510 [1st Dept 2025]; cf. All Craft Fabricators, Inc. v ATC Assoc., Inc., 153 AD3d 1159, 1160 [1st Dept 2017]).
The court should not have granted plaintiff's motion to quash the subpoenas served upon Bank of America, JP Morgan Chase, and Merrill Lynch Pierce, Fenner, and Smith because plaintiff, an individual with no ownership or interest in a bank's records of his accounts, lacked standing to object to the subpoenas (see AQ Asset Mgt. LLC v Levine, 111 AD3d 245, 260 [1st Dept 2013]; see also Royal Bank of Canada v Solny, 2020 NY Slip Op 30551[U], at *2 [Sup Ct, NY County 2020]).
While we agree with the court that the timeframe for discovery from Air Source should be limited to the period after 2018, information sought relating to its corporate bank accounts, liens, and judgments; ledgers, notebooks or spreadsheets; and all documents comprising or concerning the company's financial statements are not "utterly irrelevant" to the inquiry of plaintiff's income for child support purposes (Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]). Moreover, in a prior discovery order the parties were already ordered to produce "all documents related to any businesses owned by the parties, or in which the parties have an interest, and from which the parties receive income, distributions, or other benefits." As plaintiff owns Air Source, the requests are consistent with the prior order and subject to production.
As to the subpoena served upon CT Corp, the first document request, which pertains solely to plaintiff, was not "utterly irrelevant" to the issue of child support and should not have been quashed as overbroad (see id.). However, we concur with the Special Referee that the second document request is overly broad, as well as not
material and necessary, and thus, plaintiff's motion to quash that portion of the subpoena was providently granted (see id.; Haron v Azoulay, 132 AD3d 475, 475 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026