| **G.A. v Archdiocese of N.Y.** |
|:---:|
| 2026 NY Slip Op 30760(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 950729/2020 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT:    **HON. SABRINA KRAUS**                    PART          CVA – 1
                                    *Justice*

-----------------------------------------------------------------------------X

G. A.,

                                         Plaintiff,

                        - v -

ARCHDIOCESE OF NEW YORK, CHURCH OF ST.
VINCENT FERRER, ST. VINCENT FERRER HIGH
SCHOOL, THE DOMINICAN SISTERS OF OUR LADY OF
THE SPRINGS OF BRIDGEPORT, INC.

                                         Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 950729/2020 |
| MOTION DATE | 02/12/2026 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 1, 87, 88, 89, 90, 91,
93, 94, 95, 96, 97

were read on this motion to/for          QUASH SUBPOENA, FIX CONDITIONS          .

## BACKGROUND

Plaintiff commenced this action pursuant to the Child Victims Act ("CVA") seeking

damages for child sexual abuse allegedly perpetrated by her teacher Kelli Ann Murphy

("Murphy") while she was a student at St. Vincent Ferrer High School (NYSCEF Doc No. 1).

Discovery has not yet been completed, and a Note of Issue has yet to be filed.

The parties have exchanged paper discovery, and Plaintiff has produced over 1,000 pages

of her mental health records, which includes mental health treatment records maintained by her

psychologist Dr. Diana L. Feit ("Dr. Feit") (NYSCEF Doc No. 89, at 1).

At her deposition, Plaintiff testified that Murphy participated in some of Plaintiff's

therapy sessions with Dr. Feit (NYSCEF Doc No. 95, at 76–77). Plaintiff testified, and counsel

for the Dominican Sisters of Our Lady of the Springs of Bridgeport, Inc. ("Sisters") also avers,

**950729/2020   A., G. vs. ARCHDIOCESE OF NEW YORK**                    **Page 1 of 4**
**Motion No.  004**

1 of 4

[* 1]

that the records of these sessions were absent from Dr. Feit's records detailing her mental health treatment of Plaintiff (*see* NYSCEF Doc No. 95, at 78).

## PENDING MOTION

The Sisters served a subpoena upon Dr. Feit seeking her testimony concerning the joint therapy sessions with Plaintiff and Murphy (NYSCEF Doc No. 91).

On February 20, 2026, Plaintiff moved for an order quashing the subpoena and for a protective order (NYSCEF Doc No. 87 [mot. seq. 004]). For the reasons set forth below, the motion is denied.

## DISCUSSION

CPLR § 2304 provides:

A motion to quash, fix conditions or modify a subpoena shall be made promptly in the court in which the subpoena is returnable . . . Reasonable conditions may be imposed upon the granting or denial of a motion to quash or modify.

A person has standing to quash a subpoena directed to a third party when the person has a proprietary interest in the information sought by the subpoena (*Thompson v Thompson*, 2026 NY Slip Op 00109, at *1 [1st Dept, Jan. 13, 2026]) or the subpoena seeks information that may possibly be privileged (*38-14 Realty Corp. v New York City Dept. of Consumer Affairs*, 103 AD2d 804, 804 [2d Dept 1984]; *Kephart v Burke*, 306 AD2d 924, 925 [4th Dept 2003]).

Plaintiff argues the subpoena is facially defective as it failed to state the circumstances or reasons that such disclosure was sought.

CPLR § 3101(a) provides:

There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by:

\* \* \*

(4) any other person, upon notice stating the circumstances or reasons such disclosure is sought or required.

**950729/2020   A., G. vs. ARCHDIOCESE OF NEW YORK**                                        **Page 2 of 4**
**Motion No.  004**

The Court rejects Plaintiff's argument regarding facial insufficiency. As held by the Court of Appeals, CPLR §3101(a)(4) merely requires that a subpoenaing party sufficiently state the "circumstances or reasons" that support disclosure from the nonparty, "either on the face of the subpoena itself or in a notice accompanying it." *Kapon v. Koch*, 23 N.Y.3d 32 (2014).

The notice on the amended subpoena that was served upon Dr. Feit states:

> Your testimony is sought as it is believed that the plaintiff [in] the above-captioned action and/or other persons who[se] conduct is at issue in the action, may have made statements to you or in your presence that is material to the claims and defenses in this lawsuit. (NYSCEF Doc No. 91).

The Court finds the subpoena herein which advises that defendant seeks to ask Dr. Feit about statements made in front of her by the Plaintiff and others in this action meets the minimal requirements. Additionally, it is fair to assume that Dr. Feit who previously produced her records as part of discovery in this action is already somewhat familiar with the issues between the parties.

Plaintiff's motion for a protective order is also denied. The party seeking a protective order "bears the initial burden to show either that the discovery sought is irrelevant or that it is obvious the process will not lead to legitimate discovery" (*Liberty Petroleum Realty, LLC v Gulf Oil, L.P.*, 164 AD3d 401, 403). Plaintiff acknowledges that she waived her psychotherapist-patient privilege by putting her mental condition in issue (*see Jones v FEGS-WeCARE/Human Resources, NYC*, 139 AD3d 627, 628 [1st Dept 2016]), Plaintiff allowed Murphy, a third party, to attend those psychotherapy sessions for which the Sisters seek to depose Dr. Feit (*see* CPLR § 4507; *Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 624 [2016]) and Plaintiff testified that the information regarding the joint therapy sessions was not otherwise

950729/2020  A., G. vs. ARCHDIOCESE OF NEW YORK                          Page 3 of 4
Motion No.  004

3 of 4

available to the Sisters in the records provided to them regarding Dr. Feit's treatment (NYSCEF Doc No. 95, at 78).

The Court has considered Plaintiff's other arguments and finds them unavailing.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that the motion of Plaintiff (mot. seq. 004) is denied in its entirety; and it is further

ORDERED that, within twenty (20) days from entry of this order, Sisters shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119, New York, NY 10007); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of this Court.

20260302104431SBKRAUS6DDB7E4555034484915B02C1A86A4895

| **3/2/2026** | | | | |
|---|---|---|---|---|
| **DATE** | | | **SABRINA KRAUS, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | DENIED | GRANTED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**950729/2020   A., G. vs. ARCHDIOCESE OF NEW YORK**
**Motion No.  004**

**Page 4 of 4**

4 of 4

[* 4]