| |
|---|
| **Receive, Corp. v Daily Sale, Inc.** |
| 2026 NY Slip Op 30774(U) |
| March 3, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 651537/2025 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. EMILY MORALES-MINERVA** PART 42M

*Justice*

-----------------------------------------------------------------------X

RECEIVE, CORP.

                             Plaintiff,

              - v -

DAILY SALE, INC.,

                         Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651537/2025 |
| MOTION DATE | 12/03/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23

were read on this motion to/for          JUDGMENT - DEFAULT       .

APPEARANCES:

    Harnik Law Firm, New York, NY (Stephen Michael Harnik, Esq., of counsel), for plaintiff.

EMILY MORALES-MINERVA, J.S.C.

In this action sounding in breach of contract and unjust enrichment, plaintiff RECEIVE, CORP. (plaintiff) moves, pursuant to CPLR § 3215, for an order granting it leave to enter a default judgment against defendant DAILY SALE, INC. (defendant) in the sum of $57,130.66, plus statutory interest, costs, and attorneys' fees.

Defendant does not appear or submit opposition to the motion (sequence number 01).

When a defendant fails "to appear, plead or proceed to trial of an action reached and called for trial, or when the

[* 1]

court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against [the defendant]" (CPLR § 3215 [a]). To establish entitlement to a default judgment, plaintiff must file (1) proof it served defendant with the summons and complaint, and (2) "proof of the facts constituting the claim, the default, and the amount due . . . by affidavit made by the party" (see CPLR § 3215 [f]; see also Woodson v Mendon Leasing Corp., 100 NY2d 62, 70 [2003] [providing that "an applicant for a default judgment [must] file 'proof by affidavit made by the party of the facts constituting the claim'"]; 231st Riverdale LLC v 7 Star Home Furniture Inc., 198 AD3d 524, 525 [1st Dept 2021]; Feffer v Malpeso, 210 AD2d 60 [1st Dept 1994]).

Here, plaintiff does not demonstrate its entitlement to entry of a default judgment against defendant on either cause of action. Plaintiff's proof does not establish a prima facie case as to its breach of contract cause of action, as the "business mastercard agreement" is a copy of a generalized agreement not specific to plaintiff or defendant, and contains no identifying information therein (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 03, business mastercard agreement, and Doc. No. 04, terms of service). Additionally, the excel sheet of defendant's alleged transactions is similarly devoid of any information connecting it to defendant (see NYSCEF Doc. No. 06,

651537/2025  RECEIVE, CORP. vs. DAILY SALE, INC.
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

excel sheet of transactions). The "screenshot" purportedly reflecting defendant's acceptance of the agreement, and corresponding "letter" of Ariel Blum, CEO of plaintiff, does not rectify these defects (see NYSCEF Doc. No. 16).

As to plaintiff's unjust enrichment cause of action, plaintiff has asserted that it "entered into a cardholder agreement with defendant, following which plaintiff issued defendant a receive card" (NYSCEF Doc. No. 02, complaint). Because plaintiff has asserted a breach of said agreement in this action, and similarly moves for a default judgment based upon the same, unjust enrichment cannot form the basis for a default judgment (see Jsignal LLC v Artisan Const. Partners LLC, 2017 Slip Op 31348 [U] [Sup Ct NY Cnty 2017], citing Cox v NAP Const. Co., 10 NY3d 592, 607 [2008]).

Accordingly, it is hereby

ORDERED that plaintiff's motion (seq. no. 001), pursuant to CPLR § 3215, for a default judgment, is dismissed without prejudice; it is further

ORDERED that, within fifteen days from the date of this decision and order, plaintiff shall serve a copy of this order, with notice of entry, upon defendant; it is further

ORDERED that plaintiff shall bring a renewed default judgment motion within 90 days from the date of this decision and order; and it is further

**651537/2025 RECEIVE, CORP. vs. DAILY SALE, INC.**
**Motion No. 001**

**Page 3 of 4**

ORDERED that the Clerk of Court shall mark the file

accordingly.

_____3/3/2026_____
**DATE**

*Emily Morales-Minerva* (signature)
_____
**EMILY MORALES-MINERVA, J.S.C.**

| | | |
|---|---|---|
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART   ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE |

651537/2025   RECEIVE, CORP. vs. DAILY SALE, INC.
Motion No.  001

Page 4 of 4

4 of 4