**ISTA Holding Co., Inc. v Next Vanity, LLC**

2026 NY Slip Op 30836(U)

March 4, 2026

Supreme Court, New York County

Docket Number: Index No. 651225/2024

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. EMILY MORALES-MINERVA          PART          42M
                                    *Justice*

-------------------------------------------------------------------X

ISTA HOLDING CO., INC.,

                                    Plaintiff,

- v -

NEXT VANITY, LLC D/B/A NEXT VANITY SALON, LLC,
CHIOMA VALCOURT

                                    Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651225/2024 |
| MOTION DATE | 12/12/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for                    JUDGMENT - DEFAULT                    .

APPEARANCES:

    The Nathanson Law Firm LLP, Garden City, NY (Mitchell Aaron Nathanson, Esq., of counsel), for plaintiff.

EMILY MORALES-MINERVA, J.S.C.

    In this action for breach of a commercial lease agreement and breach of a personal guaranty, plaintiff ISTA HOLDING CO., INC. (plaintiff) moves, pursuant to CPLR § 3215, for an order granting it leave to enter a default judgment against defendants NEXT VANITY, LLC D/B/A NEXT VANITY SALON, LLC and CHIOMA VALCOURT (defendants) in the amount of $447,147.19, plus attorneys' fees in the amount of $134,144.15.

    Defendants do not appear or submit opposition to the motion (sequence number 01).

[* 1]

When a defendant fails "to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against [the defendant]" (CPLR § 3215 [a]).  To establish entitlement to a default judgment, plaintiff must file (1) proof it served defendant with the summons and complaint, and (2) "proof of the facts constituting the claim, the default, and the amount due . . . by affidavit made by the party" (see CPLR § 3215 [f]; see also Woodson v Mendon Leasing Corp., 100 NY2d 62, 70 [2003] [providing that "an applicant for a default judgment [must] file 'proof by affidavit made by the party of the facts constituting the claim'"]; 231st Riverdale LLC v 7 Star Home Furniture Inc., 198 AD3d 524, 525 [1st Dept 2021]; Feffer v Malpeso, 210 AD2d 60 [1st Dept 1994]).

Here, plaintiff does not demonstrate its entitlement to entry of a default judgment against either defendant.  Plaintiff did not appropriately serve defendant CHIOMA VALCOURT (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 05, affidavit of service; see also Everbank v Kelly, 203 AD3d 138, 147 [2d Dept 2022] ["[t]he process server must perform a proper inquiry to determine the defendant's actual place of business, dwelling place, or usual place of abode, which under CPLR § 308 must be correct"]).

[* 2]

Further, while plaintiff submits sufficient proof of service of the summons and complaint upon defendant NEXT VANITY, LLC D/B/A NEXT VANITY SALON, LLC (see NYSCEF Doc. No. 06, affidavit of service), plaintiff fails to submit sufficient proof of an additional mailing in compliance with CPLR § 3215 (g) (4) (ii) (see CPLR § 3215 [g] [4] [i] ["When a default judgment based upon non-appearance is sought against a domestic [] corporation which has been served pursuant to (Business Corporation Law § 306 [b]),an affidavit shall be submitted that an additional service of the summons by first class mail has been made upon the defendant corporation at its last known address at least twenty days before the entry of judgment"]; see also NYSCEF Doc. No. 10, attorney's affirmation).

Accordingly, it is hereby

ORDERED that plaintiff's motion (seq. no. 001), pursuant to CPLR § 3215, for a default judgment, is dismissed without prejudice; it is further

ORDERED that, within fifteen days from the date of this decision and order, plaintiff shall serve a copy of this order, with notice of entry, upon defendants; it is further

ORDERED that plaintiff shall bring a renewed default judgment motion within 90 days from the date of this decision and order; and it is further

**651225/2024 ISTA HOLDING CO., INC. vs. NEXT VANITY, LLC ET AL**
**Motion No. 001**

Page 3 of 4

[* 3]

ORDERED that the Clerk of Court shall mark the file

accordingly.

3/4/2026
DATE

EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]